BUFFALO FORGE COMPANY, Ampco-Pittsburgh Corporation, and Ampco-Pittsburgh Securities II Corporation, Plaintiffs,

v.

OGDEN CORPORATION, David R. Newcomb, Raymond J. Popp, Thomas W. Burke, Edward W. Duffy, John H. Gregory, and Frederick S. Pierce, Defendants.

No. CIV–81–29C.

United States District Court,
W.D. New York.

Sept. 25, 1984.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Andrew J. Peck, New York City, of counsel), for plaintiffs.

Phillips, Lytle, Blaine, Hitchcock & Huber, Buffalo, N.Y. (Charles G. Blaine, and Michael J. Laucello, Buffalo, of counsel), for defendant Frederick S. Pierce.

CURTIN, Chief Judge.

Frederick S. Pierce, one of the individual directors of Buffalo Forge Company, has now moved for attorneys' fees. He asserts that as a result of obtaining counsel for his own defense, he has incurred attorneys' fees of $8,532.47, which he claims should be paid by Buffalo Forge Company pursuant to section 725 of the New York Business Corporation Law. Buffalo Forge opposes, claiming first that the motion is untimely, and second that only state court could have jurisdiction over this request.

Section 725(a) provides:

(a) Notwithstanding the failure of a corporation to provide indemnification, and despite any contrary resolution of the board or of the shareholders in the

specific case under section 724 (Payment of indemnification other than by court award), indemnification shall be awarded by a court to the extent authorized under sections 722 (Authorization for indemnification of directors and officers in actions by or in the right of a corporation to procure a judgment in its favor), 723 (Authorization for indemnification of directors and officers in actions·or proceedings other than by or in the right of a corporation to procure a judgment in its favor), and paragraph (a) of section 724. Application therefor may be made, in every case, either:

(1) In the civil action or proceeding in which the expenses were incurred or other amounts were paid, or

(2) To the supreme court in a separate proceeding, in which case the application shall set forth the disposition of any previous application made to any court for the same or similar relief and also reasonable cause for the failure to make application for such relief in the action or proceeding in which the expenses were incurred or other amounts were paid.

Section 722(a) of the New York Business Corporation Law provides:

(a) A corporation may indemnify any person, made a party to an action by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he, his testator or intestate, is or was a director or officer of the corporation, against the reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection with the defense of such action, or in connection with an appeal therein, except in relation to matters as to which such director or officer is adjudged to have breached his duty to the corporation under section 717 (Duty of directors) or under paragraph (h) of section 715 (Officers).

■ Certainly, the statute directs that motions for attorneys' fees may be brought before the court where the claimed fees were incurred. There is no question that Mr. Pierce incurred the expense of legal representation before this court. Hence, jurisdiction is proper.

■ Buffalo Forge's objection to the timeliness is equally insubstantial. Mr. Pierce's attorney wrote to Buffalo Forge and requested indemnification on February 1, 1982. That request was denied on February 11, 1982. The instant motion for fees was not made until April 27, 1984. During that intervening time, the lawsuit followed a course which proceeded from this court to the United States Court of Appeals for the Second Circuit and finally to the United States Supreme Court. *Buffalo Forge Co. v. Ogden Corp.*, 555 F.Supp. 892 (W.D.N.Y.1983); *aff'd*, 717 F.2d 757 (2d Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 550, 78 L.Ed.2d 724 (1983). Certiorari was denied on December 29, 1983. Judgment was satisfied on January 11, 1984. Buffalo Forge now claims that because this motion was filed *after* satisfaction of the judgment, the lack of pendency of the lawsuit destroys any rights Mr. Pierce may have had for indemnification. However, Section 724(a) provides in pertinent part that:

A person who has been wholly successful, on the merits or otherwise, in the defense of a civil or criminal action or proceeding of the character described in section 722 ... shall be entitled to indemnification as authorized [therein].

Clearly, Mr. Pierce was "wholly successful" at the time this motion was filed. Nowhere does the statute require pendency of an action as a basis for an attorneys' fees motion.

■ Finally, Buffalo Forge comments that these requested fees "were neither 'reasonable' nor 'necessarily incurred.'" (Peck Affidavit, Docket Item 211, p. 3.) Yet, Buffalo Forge refused to address that issue at this juncture. *Id.*

Mr. Pierce has filed an affidavit explaining his status as both director and major shareholder and explaining his misgivings about the legal representation provided to the directors by Buffalo Forge. It appears that his request is warranted. He has also

supported his request with a complete accounting of what appears to be a modest indebtedness in view of the size and complexity of this lawsuit.

Unless Buffalo Forge is anticipating some sort of request for reconsideration, it is curious that discussion of the "merits" has been withheld.

For the reasons discussed, Mr. Pierce's motion is granted.

So ordered.