OPINION OF THE COURT
Louis C. Benza, J.
This is a motion by the defendant, State of New York, for summary judgment dismissing the claim for failure to comply with section 145 of the State Finance Law.
State Finance Law § 145 states as follows:
*111 "Acceptance of final payment under a state contract
"No provision contained in a construction contract awarded by any state department or agency shall bar the commencement of an action for breach of contract on the sole ground of the contractor’s acceptance of final payment under such contract provided that a detailed and verified statement of claim is served upon the public body concerned not later than forty days after the mailing of such final payment. The statement shall specify the items upon which the claim will be based and any such claim shall be limited to such items. Any provision of subdivision four, section ten of the court of claims act to the contrary notwithstanding, an action founded upon such statement of claim shall be filed within six months after the mailing of the final payment. No payment to the contractor shall limit or qualify any defense, claim or counterclaim otherwise available to the public body relating to the contract involved.”
Section 109-14 of the standard specifications to the contract states as follows: "acceptance of final payment. The acceptance by the Contractor, or by anyone claiming by or through him, of the final payment shall constitute and operate as a release to the State from any and all claims of any liability to the Contractor for anything theretofore done or furnished for or relating to or arising out of the work done thereunder, and for any prior act, neglect, or default on the part of the State or any of its officers, agents, or employees unless the Contractor serves a detailed and verified statement of claim upon the Department of Transportation not later than 40 days after the mailing of such final payment. Such statement shall specify the items and details upon which the claim will be based and any such claim shall be limited to such items. Should the Contractor refuse to accept the final payment as tendered by the Comptroller, it shall constitute a waiver of any right to interest thereon.”
This provision does not reference State Finance Law § 145 nor does it contain the language of section 145 which pertains to the filing of a claim within six months from the mailing of the final payment.
The final payment check was mailed to claimant on October 19, 1987. Claimant served a verified statement of claim upon the New York State Department of Transportation on November 25, 1987, well within the 40-day requirement. Claimant filed a notice of intention to file a claim with the court on *112 April 12, 1988, and a claim with the court on February 16, 1989. Although the claim filed was untimely, the notice of intention was filed within the six months from the mailing of the final payment.
State Finance Law § 145 is a Statute of Limitations and limits a right of a person who is suing the State. A contract action against a party other than the State of New York must be brought within six years of accrual (CPLR 213). A contract action against the State, where the contractor has not cashed the final payment check, must be brought within two years of accrual (Court of Claims Act § 10 [4]).
An action governed by State Finance Law § 145 must be brought within the mandatory six-month period. The alternative two-year limitation period authorized in section 10 (4) of the Court of Claims Act for a claimant who files a written notice of intention to file a claim is, consequently, not available where State Finance Law § 145 is involved (see, Yonkers Contr. Co. v State of New York, 142 AD2d 518 [dissenting opn, Sandler, J.], revd on dissenting opn 74 NY2d 682 [June 1, 1989]).
In his opinion, Judge Sandler, after reviewing the cases interpreting the legislative intent for State Finance Law § 145, stated:
"From this background it is apparent that the Department of Transportation undertook to conform its standard provision with regard to consequences of the acceptance by a contractor of a final payment to the policy set forth in section 145, and it is understandable why such an adjustment was made. State agencies surely would be open to serious criticism if they were to insist that contractors agree that acceptance of final payment bars an action in the face of the legislative determination that such an action survives acceptance of final payment if the prescribed statement of claim is filed within 40 days. It cannot seriously be urged that the Department of Transportation intended by the revised language to waive the six-month statutory limitation set forth in section 145, and it is extremely doubtful that any contractor would attribute such a meaning to the inclusion in the standard provision of the 40-day claim language. * * *
"In conforming its standard provision to the clearly expressed policy of the Legislature, the Court of Claims held that the Department of Transportation thereby lost the benefit of the six-month limitation period specifically imposed by *113 the Legislature as part of its effort to achieve fairness in the situation. A statutory construction that would yield so absurd a result cannot be right.” (Supra, at 522-523.)
Although one may argue that the inference made attributing the State’s reasoning for inserting section 109-14 of the standard specifications in its contract was made in "vacuus”, that quantum leap of faith would be inappropriate in light of the documentation presented in this case, but we are constrained, nevertheless, to uphold its validity.
It is apparent in this case that the failure of section 109-14 to include the total language of State Finance Law § 145 or its reference led claimant away from State Finance Law § 145 and to section 10 (4) of the Court of Claims Act, and pursuant to its mandate, caused claimant to file a notice of intention to file a claim. It would be absurd to believe that the timely notice of intention filed, which in its content is almost identical to the claim now in dispute, would have been filed in lieu of the claim had claimant not been misled by the contract provision. We note in passing that parties to a contract may agree to waive statutory rights unless a question of public policy exists, or where the rights of third parties, which the statute was intended to protect, are involved, a rule of law which the dissenter in Yonkers (supra) adhered to in his dissent in Kalisch-Jarcho, Inc. v City of New York (135 AD2d 262) which was adopted by the Court of Appeals (72 NY2d 727) in reversing the majority opinion. "Indeed, it is a matter of common experience that contractual provisions are frequently designed to alter a rule that would apply in the absence of such a provision.” (135 AD2d, supra, at 272; see, 21 NY Jur 2d, Contracts, § 146; Horning v Gore, 87 AD2d 34 [parties agreed section 240 of the Labor Law would not apply if plaintiff injured and court found contract binding].) The claimant’s counsel, in his answering affidavit, stated that due to the ambiguity of section 109-14 of the standard specifications, the claim was filed more than six months after the mailing of the last payment and he believed that the two-year filing period of section 10 (4) of the Court of Claims Act applied. What Yonkers (supra) said was not likely to happen has happened and will probably continue to happen unless the State closes the trap by including all the language of State Finance Law § 145 in its contract. Although one can argue that the drafting of section 109-14 leads a contractor down a false trail, this court is constrained by the holding in Yonkers (supra) to hold that State Finance Law § 145 applies, and *114 grants the State’s motion to dismiss. State Finance Law § 145 does not set the condition of what a claim filed pursuant to its mandate must include, nor does it supersede section 9 (8) of the Court of Claims Act. It is a long-established principle that this court, in the case of a timely filed notice of intention which embodies all the necessary elements of a claim (see, Court of Claims Act § 11), may consider such a notice of intention a valid timely filed claim against the State (see, Chalmers & Son v State of New York, 271 App Div 699, affd 297 NY 690; Liberty Mut. Ins. Co. v State of New York, 121 AD2d 694; Carnesi v State of New York, 140 AD2d 912; Kelly v State of New York, 151 AD2d 991). Section 11 requires that a claim state the time when and the place where the claim arose, its nature and the items of damage or injuries claimed to have been sustained, and the total sum claimed.
Reviewing the document claimant labeled a "Notice of Intention to File Claim”, we see that claimant has met all the requirements of section 11. The time when and place where the claim arose are stated, as well as the nature (a breach of contract), the item of damage, and the total sum claimed. This document, therefore, meets all the requirements of a claim.
Based on the foregoing, the State’s motion to dismiss claim No. 78309 for being untimely filed pursuant to State Finance Law § 145 is granted, and that claim is hereby dismissed. Further, pursuant to section 9 (8) of the Court of Claims Act and in the interest of justice, the court, sua sponte (see, Breece v State of New York, filed Dec. 12, 1979, Blinder, J., mot No. M-22783; see also, Barrett v State of New York, filed July 22, 1980, Hanifin, J., claim No. 64056, mot No. M-23735), deems the notice of intention filed April 12, 1988 to be a duly filed claim in compliance with section 11 of the Court of Claims Act and State Finance Law § 145. The Clerk of the Court is directed to note his records accordingly and assign a claim number thereto.