**QANTEL CORPORATION, Plaintiff,**

v.

**Karl H. NIEMULLER, Christl Niemuller and Goodwood Management Services, Inc., Defendants.**

**No. 91 Civ. 0371 (PKL).**

United States District Court, S.D. New York.

Aug. 26, 1991.

---

Michael D. Brown, Ohrenstein & Brown, New York City, for plaintiff.

Charles D. Schmerler, Boyle, Vogeler & Haimes, New York City, for defendant.

## MEMORANDUM ORDER

LEISURE, District Judge:

This is an action asserting numerous claims arising from defendants' activities in connection with the operation and management of plaintiff Qantel Corporation.[1] Defendant Karl H. Niemuller ("Karl") has now moved, pursuant to New York Business Corporation Law ("BCL") §§ 722 and 723, for an order directing plaintiff Qantel Corporation ("Qantel") immediately to reimburse Karl for legal expenses he has incurred to date in defending the instant action, and to reimburse Karl on a monthly basis for legal expenses he will incur in the future in further defending this action. Qantel has cross-moved, pursuant to Fed. R.Civ.P. 11, for the imposition of sanctions. For the reasons stated below, Karl's motion is denied, as is Qantel's cross-motion.

### Background

As a former director and officer of Qantel, Karl claims to be entitled to the advance payment by Qantel of legal fees he incurs in defending an action—such as the instant action—brought against him by Qantel. In support of this position, Karl cites Article VIII of Qantel's by-laws (the

"By–Laws"), which reads in relevant part as follows:

> (a) The Corporation shall indemnify any person, made a party to an action by or in the right of the Corporation to procure a judgment in its favor, by reason of the fact that he, his testator or intestate, is or was a Director or officer of the Corporation, against the reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection with the defense of such action, or in connection with an appeal therein, except in relation to matters as to which such Director or officer is adjudged to have breached his duty to the Corporation under Section 717 or under paragraph (h) of Section 715 of the New York Business Corporation Law.

> . . . . .

> (f) Expenses incurred in defending a civil or criminal action or proceeding instituted against any Director or officer will be paid by the Corporation in advance of the final disposition of such action or proceeding to the extent that such payment is permissible under applicable law.

Affidavit of Charles D. Schmerler, Esq., sworn to on May 20, 1991 ("Schmerler Aff."), Exhibit A. Karl further cites a provision of an employment agreement he entered into with Qantel, dated January 2, 1990 (the "Employment Agreement"), which states:

> Section 5.1 *Payment by Qantel.* In the event [Karl] becomes a party to any litigation regarding any matter pertaining to this Agreement, or any act of commission or omission alleged to have been made by [Karl] while employed by Qantel, including actions brought by or in the right of Qantel to procure a judgment in its favor, [Karl] shall have the right to have his expenses, including, but not limited to all of his legal fees incurred in prosecuting or defending such action, paid by Qantel as such expenses are incurred during the course of such action. This right shall be in addition to any

---

1. A detailed discussion of the factual background of this action is presented in this Court's Opinion and Order dated August 21, 1991. Fa- miliarity with that discussion will be assumed herein.

other rights of indemnification [Karl] may have under the Certificate of Incorporation or By–Laws of Qantel, or pursuant to any Indemnity Agreement or to applicable law. The provisions of this Article shall survive the termination or non-renewal of this Agreement.

Schmerler Aff., Exhibit C.

Qantel makes several arguments in opposition to Karl's motion. However, the Court need not consider the bulk of those arguments in denying—at the present time—the relief sought herein.

### Discussion

Karl has brought the instant motion pursuant to BCL §§ 722 and 723. Section 722(c) authorizes, but does not require, a corporation to indemnify its directors and officers for attorneys' fees and expenses "actually and necessarily" incurred in defending an action brought by the corporation, "if such director or officer acted, in good faith, for a purpose which he reasonably believed to be in ... the best interests of the corporation...." BCL § 722(c). Section 723(c) likewise provides:

Expenses incurred in defending a civil or criminal action or proceeding *may* be paid by the corporation in advance of the final disposition of such action or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount....

BCL § 723(c) (emphasis added).[2]

These sections merely *permit* the indemnificaiton of directors and officers. Section 724, in contrast, specifies the standards and procedures by which a court may *order* such indemnification under the BCL. Section 724(c), which the Court finds to be

directly applicable to the case at bar, reads as follows:

Where indemnification is sought by judicial action, the court may allow a person such reasonable expenses, including attorneys' fees, during the pendency of the litigation as are necessary in connection with his defense therein, if the court shall find that the defendant has by his pleadings or during the course of the litigation raised genuine issues of fact or law.

BCL § 724(c). Here, where Karl explicitly does not seek to enforce the advance indemnification provisions of the By–Laws and Employment Agreement by motion for partial summary judgment or by bringing a counterclaim, but rather does so pursuant to the BCL, he must—despite his protestations to the contrary—rely on § 724(c). Indeed, Karl has cited no case, nor has the Court located one in its independent research, in which a court has required indemnification of attorneys' fees and expenses pursuant to § 723 or its predecessor.[3] Instead, where courts have ordered such indemnification they have done so pursuant to § 724 or its predecessor. *See Buffalo Forge Co. v. Ogden Corp.*, 595 F.Supp. 593 (W.D.N.Y.1984); *Professional Insurance Company of New York v. Barry*, 60 Misc.2d 424, 303 N.Y.S.2d 556 (Sup. Ct.N.Y. County), *aff'd*, 32 A.D.2d 898, 302 N.Y.S.2d 722 (1st Dep't 1969).[4]

Section 724(c) requires by its terms that in order to be awarded attorneys' fees and expenses during the pendency of an action, the movant must demonstrate that those fees and expenses are reasonable, are necessary in connection with his defense, and that he has raised genuine issues of fact or law. *See Barry, supra;* BCL § 724(c).

2. Section 723(a), which uses mandatory language, applies only to persons who have been "successful on the merits or otherwise," and incorporates the conduct requirements of § 722. Karl does not claim that his conduct met the standard required by § 722, arguing instead that § 723(c) is applicable and does not require anything more than an undertaking to repay. *See* Defendant's Memorandum of Law in Support of the Motion for Indemnification at 11 and n. 10. As an aside, the Court notes that it is unclear how Karl can purport to bring the instant motion in partial reliance on § 722, while arguing

that his conduct need not have met that section's requirements.

3. The sections of the BCL relevant to this decision were amended to varying degrees in 1986.

4. *First Chicago International v. United Exchange Company Ltd,* 125 F.R.D. 55 (S.D.N.Y.1989), cited by Karl, is not to the contrary. It is unclear from the opinion in that case on what basis the movant originally sought advancement of his attorneys' fees.

Because Karl believed he could bring the instant motion pursuant to provisions of the BCL other than § 724(c), he did not address these requirements. Accordingly, his motion must be denied, without prejudice to his bringing a separate motion under the appropriate statutory provision.

Qantel's cross-motion for sanctions, pursuant to Fed.R.Civ.P. 11, is denied. Karl's motion for advancement of attorneys' fees and expenses, even as brought incorrectly, is not frivolous within the meaning of Rule 11.

### Conclusion

For the reasons stated above, Karl's motion for advancement of attorneys' fees and expenses is denied. Should Karl decide to bring a second motion for such relief, consistent with the Court's decision herein, he shall so inform the Court and opposing counsel. Counsel for the parties shall thereafter establish a briefing schedule for such motion, and inform the Court of that schedule. No pre-motion conference will be necessary.

Qantel's cross-motion for sanctions is denied.

SO ORDERED.