■ Carmel N. Donovan et al., Appellants, v Lewis Rothman et al., Defendants, and Stephen Scharf, Respondent. Carmel N. Donovan et al., Appellants, v Lewis Rothman et al., Respondents, et al., Defendants. [677 NYS2d 327] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about May 6, 1997, which, *inter alia,* denied plaintiffs’ cross motion to prohibit defendants’ use of corporate funds to defend this action, unanimously modified, on the law and the facts, to the extent that defendants are enjoined from expending corporate funds in defense of this action, and otherwise affirmed, except that the appeal from that part of said order which granted defendant Scharf’s motion to dismiss the action as against him, unanimously dismissed as superseded by the appeals from the judgment entered May 29, 1997, and the order entered January 5, 1998, all without costs. Judgment, same court and Justice, entered May 29, 1997, dismissing the complaint as against defendant Scharf, unanimously reversed, on the law and the facts, without costs, and the judgment vacated. A second order, same court and Justice, entered January 5, 1998, which, insofar as appealable, denied plaintiffs’ motion to vacate the judgment entered May 29, 1997, dismissing the complaint as to Scharf and for leave to serve an amended complaint, unanimously reversed, on the law and the facts, without costs, to the extent of granting plaintiffs’ motion to vacate the judgment and for leave to serve an amended complaint.

In this shareholder derivative action, the individually named plaintiffs are radiologists who, until 1987, were on the staff of the radiology department at Lenox Hill Hospital, of which defendant Lewis Rothman became the chair in 1987. Defendant Stephen Scharf is the sole nuclear medicine specialist in the Hospital’s radiology department, and corporate defendant R.S. Billing Systems, Inc. (R.S.) is a billing service wholly owned by Rothman and Scharf.

In 1984, the staff of the radiology department, then consist-

ing of 12 doctors including the individual plaintiffs and defendants, formed LH Radiologists, P. C. (LHR), which contracted with Lenox Hill Hospital to provide radiology services within the Hospital. LHR employed the doctors, who rendered the services and directly billed patients and third-party payors for those services. When LHR converted to a fee-for-services arrangement in 1987, the doctors resigned from the hospital, and, pursuant to the agreement of all 12 that the chair of the radiology department would also serve as president of LHR, Rothman assumed the presidency that same year. At about the same time, the four individual plaintiffs formed corporate plaintiff Lenox Hill Radiology and Medical Imaging Associates, P. C. (LHRMIA), a private radiology practice, to provide radiology services outside the Hospital.

At around the same time that Rothman became president of LHR, he secretly had a certificate issued in his name only that purported to represent all the shares of LHR. According to plaintiffs, he thereafter conducted the business of LHR as a sole proprietorship and engaged in various acts of corporate waste. In 1991, when two shareholders sought to inspect LHR's corporate records, Rothman denied the request, asserting that he was the sole shareholder. Pursuant to a special proceeding under Business Corporation Law § 624 to inspect LHR's books, this Court determined that the individual plaintiffs were owners of shares of the corporation (*Matter of Estate of Purnell v LH Radiologists*, 228 AD2d 360, *affd* 90 NY2d 524).

Plaintiffs thereafter commenced the instant lawsuit alleging eight causes of action. In the first three causes of action, the only ones that name Dr. Scharf as a defendant, plaintiffs alleged that Rothman performed certain acts that benefitted himself and Scharf, including the transfer of the assets of the billing services provided by LHR to R.S., the billing company owned by Rothman and Scharf, without adequate consideration to LHR, and the payment by R.S. of excessive salaries and expense allowances to both Rothman and Scharf.

Insofar as this appeal is concerned, Scharf moved to dismiss the complaint as to him on several grounds, including the failure of the complaint to state any cause of action as to him. Plaintiffs cross moved to prohibit defendants from using LHR's funds to defend the action and to make certain payments to the Hospital.

The motion court granted Scharf's motion to dismiss on the ground that the conclusory allegations made against him failed to state a cause of action, and judgment was entered dismissing the complaint as to him on May 29, 1997. By motion dated

June 18, 1997, plaintiffs sought to vacate the judgment, reargue the court's order and obtain leave to serve an amended complaint, submitting a proposed verified, amended complaint with additional factual allegations as to Scharf and alleging conspiracy and breach of fiduciary duty. The court denied the motion in all respects.

Plaintiffs' cross motion to prohibit defendants' use of corporate funds in defense of this action should have been granted. While the court summarily dismissed their motion in this regard, finding that this was not an "extraordinary situation" warranting injunctive relief, it overlooked the various sections of the Business Corporation Law that prescribe the circumstances under which corporate funds may be used for such purpose, i.e., when a corporation may authorize indemnification for such expenses. First, under Business Corporation Law § 721, the corporation itself may make provisions for indemnification, whether by charter, by-laws or resolution or agreement of the shareholders or directors. No such provision or authorization was made in the matter before us. Second, Business Corporation Law § 723 (c) explicitly provides that a corporation may pay expenses incurred in defending an action "in advance of the final disposition" only upon receipt of an undertaking by or on behalf of the director or officer in question, and with shareholder or board approval. No such undertaking was posted here. Finally, Business Corporation Law § 722 (a) and (b) provide for indemnification of corporate officers and directors for expenses incurred in connection with litigation, once it has been concluded, where they have acted in good faith and in the best interests of the corporation. Not only has the litigation barely commenced, but defendants' "good faith" and motives are plainly at issue.

As plaintiffs correctly point out, in the previous *Matter of Estate of Purnell v LH Radiologists* (*supra*), we found it was error to fail to enjoin defendant Rothman's use of corporate funds to defend the action, given that it appeared Rothman may have acted in bad faith in attempting to defeat the proceeding. The Court of Appeals found that our decision to prohibit the use of corporate funds in this fashion was justified (90 NY2d, *supra*, at 532). Thus, in light of the failure to comply with the relevant statutory provisions, as well as the allegations of Rothman's wrongdoing in the instant matter and his conduct in the prior litigation, the court should have foreclosed the use of corporate funds for the defense of this litigation as well. Should he prevail, Rothman may seek indemnification at the conclusion of the litigation. We note, too, that even pursu-

ant to general principles of injunctive relief, which defendants urge are applicable, and in particular upon the balancing of the equities involved in this derivative action and the history of the prior proceeding, defendants should be foreclosed from using corporate funds for their defense.

With respect to plaintiffs' motion to vacate the judgment entered dismissing the complaint as to Scharf and for leave to serve an amended complaint, we conclude that this motion, too, should have been granted. It was error to deny plaintiffs leave to serve an amended complaint upon their subsequent submission of a proposed verified amended complaint that amplified the allegations and otherwise addressed the failings cited by the court in its prior order (see, CPLR 3025 [b]). In this regard, we note the absence of prejudice to defendant in the nature of any delay, in light of the fact that the motion was made soon after the entry of judgment. Concur—Milonas, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.