**BOOTH OIL SITE ADMINISTRATIVE GROUP, Plaintiff,**

v.

**SAFETY–KLEEN CORPORATION, Joseph Chalhoub, Breslube Industries Limited, George T. Booth, Jr., George T. Booth, III, Booth Oil Company, Inc., Defendants**

No. 98–CV–0696A.

United States District Court, W.D. New York.

Aug. 11, 2000.

R. William Stephens, Raichle, Banning, Weiss & Stephens, Buffalo, NY, for Plaintiff Booth Oil site Admin. Group.

Sullivan & Oliverio, Buffalo, NY (Michael E. Appelbaum, Bruce W. Hoover, of

Counsel), for Defendants George T. Booth, Jr. and George T. Booth, III.

LoTempio & Brown, P.C., Buffalo, NY (Patrick J. Brown, of Counsel), for Defendant Booth Oil Company, Inc.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), on February 17, 1999. On June 30, 1999, defendants George T. Booth, Jr. and George T. Booth, III (the "Booths") filed a motion for indemnification. On April 6, 2000, Magistrate Judge Foschio filed a Report and Recommendation, recommending that the Booths' motion be granted in part and denied in part.

Defendant Booth Oil Company, Inc. ("BOCI") filed objections to the Report and Recommendation on April 28, 2000. Oral argument on the objections was held on August 2, 2000.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation

The Court notes that in addition to objecting to the Report and Recommendation, defendant Booth Oil objects to the Magistrate Judge's order, contained within the Report and Recommendation, directing BOCI to make its financial records available for the Booths' review. That order is subject to review under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A). After due

consideration, the Court cannot say that the Magistrate Judge's order is clearly erroneous or contrary to law. Thus, BOCI's objection to disclosure of its financial records must be denied.

Accordingly, for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, the Booths' motion for indemnification is granted in part and denied in part. The case is referred back to Magistrate Judge Foschio for further proceedings.

IT IS SO ORDERED.

## AMENDED REPORT and RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

This case was referred to the undersigned by the Honorable Richard J. Arcara on February 17, 1999, for report and recommendation on dispositive motions. The matter is presently before the court on a motion for indemnification filed on June 30, 1999 by Defendants George T. Booth, Jr. and George T. Booth, III (Docket Item No. 23).

### *BACKGROUND and FACTS* [1]

Plaintiff, Booth Oil Administrative Group, commenced this action on November 5, 1998, seeking recovery of costs, contribution and declaratory relief under § 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff is an unincorporated association of corporations that have incurred and continue to incur response costs in connection with the release or threatened release of hazardous substances at the Booth Oil site ("the site"), in

---

1. The fact statement is taken from the pleadings and motion papers filed in this action.

North Tonawanda, New York. Defendants Safety–Kleen Corporation, Joseph Chalhoub, Breslube Industries Limited, George T. Booth, Jr., George T. Booth, III, and Booth Oil Company, Inc. are parties who as owners and operators allegedly are responsible under CERCLA for the disposal of hazardous substances at the site.

The site consists of 2.5 acres of land located at 76 Robinson Street, in the City of North Tonawanda, New York. Beginning in 1948, George T. Booth, Sr. (GTB, Sr.) and his son, George T. Booth, Jr. ("GTB, Jr.") (collectively, "the Booths"), operated a waste oil recycling and reclaiming facility at the site under the name George T. Booth and Son.[2] In 1960, the business incorporated as Booth Oil Company, Inc ("BOCI"). GTB, Jr. commenced serving as a director and officer of BOCI upon its incorporation in 1960 until his retirement in 1983. GTB, Jr.'s son, George T. Booth, III ("GTB, III"), was employed by BOCI beginning in the 1970s. GTB, III, also served as a director or officer of BOCI for ten or fifteen years until his employment was terminated in 1994.

BOCI ceased using the site in 1983. The oil reclaiming operations and the transportation and disposal of waste oil eventually led to contamination at the site. The New York State Department of Environmental Conservation listed the site as an Inactive Hazardous Waste Site # 932100 in December 1985, and classified the site as a Class 2 inactive hazardous waste site in December 1986, thereby indicating the site posed a "significant threat to public health or the environment—action required." Complaint, ¶ 23. Plaintiff participated in remediation of the site and then commenced this action alleging the Booths and BOCI, as owners and operators of BOCI, are strictly, jointly and severally liable for response, remediation and removal costs at the site.[3] Complaint, ¶ 33.

On June 30, 1999, the Booths moved for an order directing BOCI to indemnify them for total litigation expenses incurred with regard to their defense of the instant action, including litigation judgments, fines, amounts paid in settlement and reasonable expenses including attorney fees on the basis that the claims pending against them are attributable to conduct undertaken by them as directors and officers of BOCI, as well as an advance award of litigation expenses including attorney fees. (Docket Item No. 23). The motion was accompanied by the Affidavit of Michael E. Appelbaum, Esq. ("Appelbaum Affidavit") and Exhibits A—E. As BOCI is no longer engaged in its operations, the Booths also request the court direct BOCI to produce its financial records for review to establish BOCI's ability to provide indemnification. Appelbaum Affidavit, ¶¶ 17–18.

On July 21, 1999, Defendant BOCI filed a Memorandum of Law in opposition to indemnification (Docket Item No. 27) (BOCI's Memorandum), and the Respond-

---

**2.** The complaint alleges that prior to 1948, BOCI conducted business at the site as an individual proprietorship under the name George T. Booth. Complaint, ¶ 14. The nature of that business, however, is not specified.

**3.** The Complaint also alleges owner and operator liability against Defendant Joseph Chaloub, Complaint, ¶ 33, and that Defendants Safety–Kleen Corp. and Chalhoub, as successors in interest to BOCI are strictly, jointly and severally liable for response, recovery and cleanup costs. Complaint, ¶ 34. However, as the alleged involvement of those Defendants with BOCI and the site is not relevant to the indemnification issue, they are not further discussed in this report and recommendation.

ing Affidavit of Patrick J. Brown, Esq. (Docket Item No. 28) ("Brown Affidavit"). On July 26, 1999, BOCI filed a Supplemental Memorandum of Law in opposition to indemnification (Docket Item No. 29) ("BOCI's Supplemental Memorandum"), and the Affidavit of Lonsdale Scholfield (Docket Item No. 30) ("Schofield Affidavit").

In further support of the indemnification request, the Booths filed on August 30, 1999 a Memorandum of Law (Docket Item No. 33) ("Booths' Memorandum"), and affidavits by George T. Booth, Jr. (Docket Item No. 35) ("GTB, Jr.Affidavit"), George T. Booth, III (Docket Item No. 34) ("GTB, III Affidavit"), and Bruce W. Hoover, Esq. (Docket Item No. 36) ("Hoover Affidavit"). Oral argument was deemed unnecessary.

Based on the following, the motion for indemnification (Docket Item No. 23) should be GRANTED in part and DENIED in part.

### DISCUSSION

The Booths seek indemnification by BOCI, including litigation expenses incurred with regard to the defense of the instant action, on the basis that the claims pending against the Booths are attributable to conduct undertaken by them as directors and officers of BOCI. N.Y. Bus. Corp. Law §§ 722–725 (McKinney 1986)[4] provide for indemnification of corporate directors and officers against judgments, fines, amounts paid in settlement and reasonable expenses, including attorney fees, actually and necessarily incurred as a result of being made a party to a legal action or proceeding. Specifically, under N.Y. Bus. Corp. Law § 722, a corporation may expressly provide for such indemnification,

in which case enforcement of that provision after successfully defending against the type of action covered is pursuant to N.Y. Bus. Corp. Law § 723. Otherwise, indemnification may be awarded by the court under N.Y. Bus. Corp. Law § 724(a), and a preliminary award of litigation expenses, including attorney fees, may be awarded during the pendency of the litigation pursuant to N.Y. Bus. Corp. Law § 724(c). Other indemnification matters are governed by N.Y. Bus. Corp. Law § 725 which includes a requirement that any indemnification award to which it is ultimately determined the corporate director or officer is not entitled must be repaid, and also gives effect to corporate actions disallowing indemnification provided such action was in effect when the cause of action for which indemnification is sought accrued.

BOCI opposes the motion on several grounds.[5] First, BOCI maintains that inasmuch as the Booths may seek indemnification based on corporate undertakings, no corporate document provides for such indemnification. BOCI's Supplemental Memorandum at 5. Second, BOCI contends the motion, including the requested advance award of expenses and attorney fees, should be denied as the Booths have failed to establish the existence of a factual or legal issue regarding whether the Booths' conduct on which the underlying CERCLA action is predicated was taken in good faith, a prerequisite to indemnification under applicable New York law. *Id.* Third, BOCI opposes the motion insofar as the Complaint contains allegations against the Booths in their individual capacity, *i.e.*, GTB, Jr.'s conduct prior to the incorporation of BOCI in 1961, and as individually negligent in contaminating the site, as well

---

**4.** Unless otherwise specified, references to N.Y. Bus. Corp. Law are to McKinney 1986.

**5.** BOCI was sold to new owners in 1994, prior to the commencement of the instant litigation.

as to GTB, III against whom liability as an owner and operator of the site is also alleged. *Id.* Finally, BOCI opposes the motion as to GTB, III, on the basis that GTB, III waived his right to indemnification when he executed a general release on October 7, 1994, in connection with his resignation as a BOCI employee, director and officer. *Id.*, pp. 6–7. As a finding that GTB, III's execution of the general release on October 7, 1994, will moot the balance of this discussion as to him, the court addresses this issue first.

■ In connection with his termination of employment with BOCI, GTB, III executed a general release ("the General Release") on October 7, 1994. The General Release provides that GTB, III, as an individual and as Grantor of BOCI, in exchange for good and valuable consideration paid for by BOCI, remised, released and forever discharged the Grantee, BOCI, and its

> successors, assigns, affiliates, officers, directors, shareholders, employees, agents, representatives, counsel and all their respective heirs, executors, administrators, successors and assigns and Lonsdale Schofield and Joseph Chalhoub (collectively with the Grantee, the "Released Parties") of and from all, and all manner of action and actions, *cause and causes of action, suits,* debts, *sums of money,* accounts, reckonings, bonds, bills, specialties, covenants, contracts, *controversies,* agreements, promises, variances, trespasses, damages, judgments, extents, executions, *claims and*

*demands whatsoever, in law or in equity,* which against the said Released Parties, the Releasors ever had, now have, or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the World to the day of the date of these presents.

General Release, Brown Affidavit Exhibit A; Schofield Exhibit B (emphasis added). In exchange for GTB, III's General Release, BOCI President Lonsdale Schofield, also executed a general release as to GTB, III. Schofield Affidavit, Exhibit C.

According to BOCI, the General Release precludes GTB, III's indemnification request. BOCI's Supplemental Memorandum at 6–7. GTB, III argues in opposition that as a matter of law, under N.Y. Bus. Corp. Law § 725(b), the General Release does not deny him indemnification or advancement of expenses.[6] Booths' Memorandum at 5–6. N.Y. Bus. Corp. Law § 725(b) provides in relevant part that

> No indemnification, advancement or allowance shall be made under this article and in any circumstance where it appears: ... (2) That the indemnification would be inconsistent with a provision of a certificate of incorporation, a by-law, a resolution of the board or of the shareholders, an agreement or other proper corporate action, *in effect at the time of the accrual of the alleged cause of action* asserted in the threatened or pending action or proceeding in which the expenses were incurred or other amounts

---

6. GTB, III refers to nothing indicating he may not waive his statutory rights under N.Y. Bus. Corp. Law § 725(c) or that such waiver violates public policy or infringes on the rights of some third party which the statute was intended to protect. *See Mitchell v. New York Hospital,* 61 N.Y.2d 208, 473 N.Y.S.2d 148, 461 N.E.2d 285, 289 (1984) (protection afforded by statute prohibiting settling tortfea-

sor from obtaining indemnification and contribution from another tortfeasor may be waived absent evidence of legislative intent to the contrary); *Fowler Electric Co., Inc. v. State,* 144 Misc.2d 110, 544 N.Y.S.2d 279, 282 (N.Y.Ct.Cl.1989) (parties to contract may waive statutory rights absent question of public policy or involvement of third party rights whom statute was designed to protect).

were paid, which prohibits or otherwise limits indemnification."

N.Y. Bus. Corp. Law § 725(b) (emphasis added).

As GTB, III received consideration from BOCI and a reciprocal general release from BOCI President Schofield in exchange for executing the General Release in favor of, *inter alia,* BOCI, the court finds the General Release qualifies as "an agreement or other proper corporate action" as contemplated by N.Y. Bus. Corp. Law § 725(b), and the parties do not argue otherwise.

GTB, III also maintains that the Complaint's allegations pertain to conduct at the site which has not been used by BOCI since the early 1980s, and the cause of action for which indemnification is sought thus necessarily accrued prior to GTB, III's execution of the General Release on October 7, 1994. Booths' Memorandum at 6. As such, GTB, III urges the court to find N.Y. Bus. Corp. Law § 725(b) renders the General Release without effect as to the requested indemnification. *Id.* However, GTB, III points to nothing in support of this argument and the court finds that a construction of N.Y. Bus. Corp. Law § 725(b), in which the term "accrual" is afforded its plain meaning, shows the cause of action to which N.Y. Bus. Corp. Law § 725(b) refers is not the underlying contamination for which removal and remediation was undertaken by Plaintiff but, rather, the incurrence of the costs of such removal and remediation which Plaintiff seeks to recover in the instant action.

The term "accrue" is generally defined as "to come into existence as an enforceable claim: vest as a right." WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY, p. 13. As it pertains to a cause of action, the term "accrue" is defined as "when a suit may be maintained thereon." BLACK'S LAW DICTIONARY, 6th ed., p. 21. Thus, until a party undertakes the tasks of removal and remediation of a site contaminated by hazardous waste, no costs are incurred for which recovery may be sought from persons responsible for the contamination and, as such, no suit to recover such costs accrues.

In this case, however, it is not clear from the record precisely when the Plaintiff first participated in the removal and remediation of the site, although according to the Complaint, filed November 5, 1998, such actions were on-going. The court conceives that it is quite possible some such costs were incurred both prior to and after GTB, III's execution of the General Release on October 7, 1994. Although under N.Y. Bus. Corp. Law § 725(b), the General Release would bar only those costs incurred after its execution, it does not bar any costs incurred prior to that date.[7]

Accordingly, the court finds GTB, III's execution of the General Release on October 7, 1994 precludes him from the indemnification he seeks here insofar as such costs were incurred after, but not before, October 7, 1994.[8] The court next consid-

---

7. The court has considered whether to permit the parties to file further affidavits and legal memoranda on this point to enable the court to more definitively determine the extent to which GTB, III may be indemnified. However, as the final decision on the indemnification award must await resolution of the instant litigation, including such issues as whether the Booths acted in their capacities

as individuals or corporate directors and officers, as well as in good faith, the court refrains from inviting additional argument at this time.

8. GTB, III asserts that in connection with the General Release he executed on October 7, 1994, each of the other Defendants executed a General Release in favor of GTB, III. Booths'

ers whether any provision of the N.Y. Bus. Corp. Law entitles the Booths to indemnification with regard to the instant action. However, if the district judge finds the General Release completely bars GTB, III from indemnification on the basis that it is not an agreement within the meaning of § 725(b), the following discussion should be considered only insofar as it pertains to GTB, Jr.

BOCI argues that no corporate document provides for the Booths to be indemnified under N.Y. Bus. Corp. Law § 722(a), which authorizes, but does not require, a corporation to indemnify a director or officer

> against judgments, fines, amounts paid in settlement and reasonable expenses including attorneys' fees actually and necessarily incurred as a result of such action or proceeding, or any appeal therein, if such director or officer acted, in good faith, for a purpose which he reasonably believed to be in ... the best interests of the corporation ....

N.Y. Bus. Corp. Law § 722(a).

Upon successfully defending against an action covered under N.Y. Bus. Corp. Law § 722, N.Y. Bus. Corp. Law § 723(a) establishes the procedures by which the corporate officers or directors may seek indemnification as to that action. Accordingly, N.Y. Bus. Corp. Law §§ 722 and 723 "merely permit the indemnification of directors and officers." *Qantel Corp. v. Niemuller,* 771 F.Supp. 1372, 1374 (S.D.N.Y.1991).

█ The Booths agree that no BOCI corporate document provides for the requested indemnification; rather, they

maintain indemnification is sought pursuant to N.Y. Bus. Corp. Law § 724(a). Booths' Memorandum at 2–3. Under N.Y. Bus. Corp. Law § 724(a), a court may award full indemnification to a director or officer of a corporation, to the extent authorized under § 722, notwithstanding the failure of a corporation to otherwise provide for such indemnification. Section 724(a) thus permits an indemnification award to be made to present or former corporate directors or officers where no corporate act provides for such relief. *Sequa Corporation v. Gelmin,* 828 F.Supp. 203, 205–206 (S.D.N.Y.1993).

BOCI does not dispute that N.Y. Bus. Corp. Law § 724(a) permits indemnification where no corporate document provides for such protection, but maintains that indemnification here would be improper as the Booths are alleged to have acted in their individual, rather than corporate, capacity, and not in good faith. BOCI Memorandum at 2–3; BOCI's Supplemental Memorandum at 5. The Booths argue in opposition that some of the allegations of the Complaint allege conduct by them in their positions as corporate directors or officers, and that they are thus entitled to indemnification at least to such extent. Booth's Memorandum at 3–4.

The dispute over whether the Booths participated in the alleged wrongful conduct as corporate directors or officers and in good faith, prohibits an award of complete indemnification at this time. Specifically, application for indemnification under § 724(a) may be made "[i]n the civil action or proceeding in which the expenses *were incurred* or other amounts *were paid.*"

---

Memorandum at 6, n. 2. As such, GTB, III argues that if the court finds that he is not entitled to indemnification by operation of the General Release, it follows that the other Defendants are not entitled to indemnification or contribution from GTB, III in connection

with this action. *Id.* However, as the court has not found the General Release necessarily renders GTB, III ineligible for any indemnification, the court will not address this argument.

N.Y. Bus. Corp. Law § 724(a)(1) (emphasis added).[9] A plain reading of § 724(a)(1) refers to indemnification being awarded after resolution of the issue whether the requesting defendant is entitled to such indemnification, *i.e.,* upon a finding that the challenged conduct was undertaken by the defendant both in good faith and in his corporate capacity. *See Donovan v. Rothman,* 253 A.D.2d 627, 677 N.Y.S.2d 327, 329 (App. Div. 1st Dep't 1998) (holding indemnification award could not be made under N.Y. Bus. Corp. Law § 722 where defendants' "good faith" and motives were at issue until litigation concluded). *Donovan, supra,* applies here as indemnification may be awarded under N.Y. Bus. Corp. Law § 724 only to such extent as it may be awarded under N.Y. Bus. Corp. Law § 722. N.Y. Bus. Corp. Law § 724(a). In the instant case, as the parties dispute whether the Booths participated in the alleged wrongful conduct as corporate directors or officers and in good faith, an award of complete indemnification at this time would be premature.

The Booths have also requested an advance award of litigation expenses, including attorney fees, under N.Y. Bus. Corp. Law § 724(c) which provides

> Where indemnification is sought by judicial action, the court may allow a person such reasonable expenses, including attorneys' fees, during the pendency of the litigation as are necessary in connection with his defense therein, if the court shall find that the defendant has by his pleadings or during the course of litigation raised genuine issues of fact or law.

N.Y. Bus. Corp. Law § 724(c).

Thus, although a court may not award complete indemnification under N.Y. Bus. Corp. Law § 724(a) until all corporate capacity and "good faith" issues have been resolved, N.Y. Bus. Corp. Law § 724(c) provides for limited relief of litigation expenses, including attorney fees, to be awarded during the pendency of an action upon the movant's demonstration that such fees and expenses are reasonable and necessary in connection with the defense, and that the movant has raised a genuine issue of fact or law as to whether indemnification is required. *Sequa, supra,* at 206; *Niemuller, supra,* at 1374. Moreover, an advance award of litigation expenses and attorney fees under § 724(c) is preliminary and must be repaid if

> the person receiving such advancement or allowance is ultimately found ... not to be entitled to indemnification or, where indemnification is granted, to the extent the expenses so advanced by the corporation or allowed by the court exceed the indemnification to which he is entitled.

N.Y. Gen. Bus. Law § 725(a).

BOCI argues against any advance award of litigation expenses as the "essence" of the action alleges liability based on the Booths' record ownership of property at the site and BOCI, as well as GTB, Jr.'s involvement with the site prior to BOCI's incorporation. BOCI's Memorandum at 3; BOCI's Supplemental Memorandum at 5. Accordingly, BOCI maintains the Complaint is not premised, *per se,* on the fact that the Booths were former directors or officers of BOCI. *Id.* BOCI also maintains the Booths have failed to demonstrate genuine issues of fact or law exist as to whether they acted in good faith and in BOCI's best interests as directors and officers of BOCI and that affidavits submitted by the

---

**9.** N.Y. Gen. Bus. Law § 724(a)(2) provides that an indemnification award may also be brought as a separate proceeding in New York Supreme Court upon demonstrating reasonable cause for failing to apply for such relief in the action or proceeding in which the expenses were incurred or other amounts were paid. N.Y. Gen. Bus. Law § 724(a)(2).

Booths containing bald, conclusory statements denying individual liability are insufficient to create such issue. BOCI's Supplemental Memorandum at 5–6. BOCI also asserts that the Booths have failed to specify the sum they seek to have advanced as litigation costs and, in effect, request a "blank check." BOCI's Memorandum at 3–4.

According to BOCI, a similar request was denied in *Qantel, supra,* on the basis that the defendant failed to demonstrate the fees and expenses requested were reasonable and necessary and the existence of genuine issues of law or fact. BOCI's Memorandum at 4 (citing *Qantel, supra,* at 1374). BOCI's reliance on *Qantel, supra,* is, however, misplaced as in *Qantel,* the court denied indemnification requested under N.Y. Bus. Corp. Law §§ 722 and 723 which do not provide for an advance indemnification award limited to litigation expenses and attorney fees. *Qantel, supra,* at 1374. Further, the court denied the motion without prejudice to the defendant bringing a separate motion for advance limited indemnification pursuant to N.Y. Bus. Corp. Law § 724(c). *Id.*

Nor do any of the other cases cited by BOCI require denying an advance award of litigation expenses to the Booths on the basis that the Complaint alleges liability against them both in their corporate and individual capacity. Specifically, in *Sierra Rutile Ltd., v. Katz,* 1997 WL 431119, *2 (S.D.N.Y.1997), the court awarded the defendants an advancement of litigation expenses under N.Y. Bus. Corp. Law § 724(c) as the defendants had raised genuine issues of fact or law that their actions were undertaken in their capacity as corporate directors or officers and in good faith, and were not inconsistent with the law of the jurisdiction of incorporation of the foreign corporation. The defendant's request for an advance award of litigation

expenses under § 724(c) was denied in *Bensen v. American Ultramar Ltd.,* 1996 WL 435039, * 3 (S.D.N.Y.1996), as the defendant was sued only for conduct undertaken for his personal benefit. In *Brittania 54 Hotel Corp. v. Freid,* 251 A.D.2d 49, 673 N.Y.S.2d 668, 668 (App. Div. 1st Dep't 1998), the defendant was denied an advance award of litigation expenses under § 724(c) despite his assertion that he was an officer of the corporation in light of "compelling documentary evidence" submitted by the plaintiff to the contrary. An advancement of litigation expenses under § 724(c) was denied in *Tilden v. Regency Leasing Systems, Inc.,* 237 A.D.2d 431, 655 N.Y.S.2d 962, 962 (App. Div.2d Dep't 1997), on the ground that the action sought to recover from the defendant based upon a personal guaranty. A request for an advance award of litigation expenses was denied in *Kaufman v. CBS, Inc.,* 135 Misc.2d 64, 514 N.Y.S.2d 620, 621 (N.Y.City Civ.Ct.1987), on the basis that the New York Civil Court was without jurisdiction under N.Y. Bus. Corp. Law § 724(a)(2) to order such relief. Finally, in *Spring v. Moncrieff,* 10 Misc.2d 731, 173 N.Y.S.2d 86, 87 (N.Y.Sup.1958), the court held under the predecessor statute to N.Y. Bus. Corp. Law § 724(c) that no litigation expenses could be awarded in advance as the defendant was not sued in his capacity as a corporate director or officer.

■ The standard by which a genuine issue of fact or law has been raised, thereby entitling a defendant to an advance award of litigation fees under N.Y. Bus. Corp. Law § 724(c) is "a far less demanding standard" than that necessary on a motion for summary judgment. *Sequa Corp., supra,* at 206. In *Sequa, supra,* the court held that although a corporation had claimed its defendant officer had not acted in good faith with regard to alleged conduct upon which a criminal action against

238

the defendant was predicated, the defendant was nevertheless entitled to an advancement of litigation expenses awarded under N.Y. Bus. Corp. Law § 724(c) as the defendant's claim of innocence raised genuine issues of fact. *Sequa, supra.* Here, the Booths submitted affidavits in which they deny any liability to the Plaintiff as a result of conduct as a director or officer of BOCI, and also assert that they at all times acted in their capacities as directors or officers in good faith. GTB, Jr. Affidavit, ¶¶ 2–6; GTB, III Affidavit, ¶¶ 2–5. The Booths have thus sufficiently demonstrated they seek to have litigation expenses advanced only with regard to the alleged wrongful conduct undertaken by them in good faith and in their capacities as directors or officers of BOCI.

The court's research has revealed nothing indicating the proper basis on which to apportion a preliminary award of litigation expenses under N.Y. Bus. Corp. Law § 724(c) where the complaint alleges liability based on conduct undertaken by defendants both in their individual capacities, as well as in their capacities as corporate directors and officers. Accordingly, the court finds that a temporal apportionment of such award would be consistent with principles of equity. Further, the parties are reminded that an advance award of litigation expenses under N.Y. Bus. Corp. Law § 724(c) is a preliminary award, subject to modification under N.Y. Bus. Corp. Law § 725(a) upon the conclusion of the litigation during which the Booths will be required to demonstrate the proper apportionment ratio. Such modification may also include repayment of any litigation expenses advanced for which entitlement ultimately is not established by the Booths. In the event that it is ultimately determined that any part of the Booths' conduct either was not undertaken in their capacity as corporate directors or

officers, or was in bad faith, the litigation expenses advanced relative to such conduct must be repaid as provided for under N.Y. Bus. Corp. Law § 725(a). The final determination as to the proper ratio for apportionment of any indemnification award may be made at a hearing after the litigation concludes. *See Buffalo Forge Co., supra,* at 593–94 (court considered motion for indemnification of attorney fees under N.Y. Bus. Corp. Law § 722 after conclusion of litigation).

The court thus should order an advance award of litigation expenses, including attorney fees, limited to that portion of the alleged wrongful conduct undertaken by GTB, Jr. and GTB, III, while serving as BOCI corporate directors and officers. GTB, Jr., asserts that he was involved with the site in his individual capacity between 1948 and 1960. Booths' Memorandum at 5. Following BOCI's incorporation in 1960, he served as either a director or officer of BOCI until 1983 at which time BOCI was no longer using the site. Booths' Memorandum at 5; GTB, Jr. Affidavit, ¶ 2. GTB, Jr. thus was involved with the site for a total of 35 years, 23 of which he was a director or officer of BOCI. Accordingly, GTB, Jr. is entitled to an advance award of $^{23}\!/_{35}$ (65.71%) of the total anticipated litigation expenses, including attorney fees, incurred in defending this action.

GTB, III asserts he was employed by BOCI from the 1970s until his termination in 1994 and served as a director or officers of BOCI for 10 or 15 of those years. GTB, III Affidavit, ¶ 2. As GTB, III has failed to specify the exact number years he was employed by BOCI or served as a director or officer, the court considers him as associated with BOCI for a total of 20 years, ten of which he was a corporate director or officer. This finding would entitle GTB, III to an advance award of litigation expenses for 10 years out of a total of 20

years, or 50%, of the anticipated costs of his defense. However, as the issue of when the clean-up costs were incurred by Plaintiff on which this action is based remains open, and as it is likely that some of those costs were incurred before GTB, III executed the General Release, and some were incurred after, the court finds that the advance award of litigation expenses should be further reduced by 50%. As such, GTB, III is entitled to an advance award of 25% (50% X 50%) of the total anticipated litigation expenses, including attorney fees, incurred in defending this action.

■ Insofar as BOCI argues that the Complaint's allegations that the Booths were owners and operators of the site prevents indemnification as corporate directors and officers, the court finds that while the site was owned by BOCI, the Booths owned the site only as shareholders and operated the site by virtue of their positions as directors and officers of BOCI. A corporation is within the definition of "persons" who may be held liable under CERCLA as owners and operators. 42 U.S.C. §§ 9601(20)(A)(ii) and 9601(21). As such, the Booths cannot be held personally liable as owners and operators of the site after the incorporation of BOCI without first piercing BOCI's corporate veil. *United States v. Bestfoods*, 524 U.S. 51, 61–63, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998) (corporation's shareholders, directors and officers may be held liable in CERCLA action only if corporate veil is pierced). Thus, until and unless facts demonstrating that BOCI's corporate veil should be pierced, the Booths may not be held individually liable for actions taken while they were shareholders, directors and officers of BOCI and thereby denied their right to indemnification pursuant to N.Y. Bus. Corp. Law § 724(a).

Finally, as BOCI is no longer actively engaged in business operations, the Booths request the court order BOCI to produce its financial records for review to enable the Booths to determine BOCI's ability to provide indemnification. Appelbaum Affidavit, ¶¶ 17–18. BOCI has not opposed this request, and the court finds that granting such request will assist the Booths in determining whether to further pursue its indemnification request following the conclusion of this case. Accordingly, BOCI is directed to make its financial records available for the Booths' review.

## CONCLUSION

For the foregoing reasons, the motion for indemnification (Docket Item No. 23) should be GRANTED in part and DENIED in part.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.