Kaloyeros v Fort Schuyler Mgt. Corp. (2018 NY Slip Op 00373)





Kaloyeros v Fort Schuyler Mgt. Corp.


2018 NY Slip Op 00373


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

525121

[*1]ALAIN KALOYEROS, Appellant,
v
FORT SCHUYLER MANAGEMENT CORPORATION et al., Respondents.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Harris, Conway & Donovan, PLLC, Albany (Ryan T. Donovan of counsel) and Steptoe & Johnson LLP, New York City (Michael C. Miller of counsel), for appellant.
Hinman Straub, PC, Albany (James T. Potter of counsel), for respondents.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Platkin, J.), entered March 27, 2017 in Albany County, which denied plaintiff's motion for a preliminary injunction.
Plaintiff served as the President and Chief Executive Officer of SUNY Polytechnic Institute (hereinafter SUNY Poly) and served on the Board of Directors of two affiliated not-for-profit corporations, defendant Fort Schuyler Management Corporation and defendant Fuller Road Management Corporation. Some time in 2015, the New York Attorney General's office and the US Attorney's office for the Southern District of New York commenced
investigations into each defendant's procurement practices. Defendants initially retained counsel to represent the corporations as well as plaintiff. Around May 2016, plaintiff retained separate counsel. On September 22, 2016, the US Attorney's office unsealed a criminal complaint against plaintiff, alleging wire fraud with respect to the procurement process at Fort Schuyler Management Corporation on a state-funded development project. That same day, the Attorney General's office filed a criminal complaint against plaintiff for anti-trust violations involving the procurement process at Fuller Road Management Corporation for a student housing project intended for the use of SUNY Poly. Plaintiff was immediately suspended from his executive positions at SUNY Poly. On September 23, 2016, plaintiff was arraigned on the state court charges and entered a plea of not guilty. Shortly thereafter, he resigned from his executive positions at SUNY Poly. On October 21, 2016, plaintiff executed a separate "undertaking" for each defendant, by which defendants agreed to pay plaintiff's legal defense fees through [*2]September 22, 2016. Plaintiff, in turn, agreed to refund the payments in the event that it was ultimately determined that he was not entitled to indemnification under the corporate bylaws. On December 1, 2016, plaintiff was arraigned on the federal charges and pleaded not guilty.
After defendants balked at paying any fees beyond June 30, 2016, plaintiff commenced this action seeking indemnification and advancement of legal fees in connection with both the federal and state prosecutions, as well as the SUNY Poly employment dispute, based on N-PCL 724, promissory estoppel and breach of contract. Plaintiff concurrently moved for a preliminary injunction seeking advancement of legal fees during the pendency of the criminal prosecutions. Supreme Court denied the motion and plaintiff appeals.
We affirm. A corporation is authorized to indemnify a director for reasonable expenses arising out of an action or proceeding provided "such director or officer acted, in good faith, for a purpose which he [or she] reasonably believed to be in, or, . . . not opposed to, the best interests of the corporation and, in criminal actions or proceedings, in addition, had no reasonable cause to believe that his [or her] conduct was unlawful" (N-PCL 722 [a]). "A person who [is] successful, on the merits or otherwise, in the defense of a civil or criminal action or proceeding of the character described in section 722 shall be entitled to indemnification as authorized in such section" (N-PCL 723 [a]). Under N-PCL 724 (c), a court may direct a corporation to advance legal fees to a director "during the pendency of the litigation as are necessary in connection with his defense therein, if the court shall find that the defendant has by his [or her] pleadings or during the course of the litigation raised genuine issues of fact or law." With respect to the advancement of fees, courts have consistently observed that the governing standard "is not a stringent one" (Levy v Young Adult Inst., Inc., 2015 WL 5333536, *2, 2015 US Dist LEXIS 122442, *2 [SD NY, Sept. 14, 2015, No. 13-CV-02861 [JPO] [SN]) and is "a far less demanding standard than that necessary on a motion for summary judgment" (Booth Oil Site Admin. Group v Safety-Kleen Corp., 137 F Supp 2d 228, 237 [WD NY 2000]; see Galante v Queens Borough Pub. Lib., 2016 WL 4573978, *2, 2016 US Dist LEXIS 118251, *3 [ED NY, Aug. 31, 2016, No. 15-CV-6267 [ARR] [RLM]; Sequa Corp. v Gelmin, 828 F Supp 203, 206 [SD NY 1993]; General Plumbing Corp. v Parklot Holding Co., 44 Misc 3d 1218[A], 2014 NY Slip Op 51174[U], *5 [Sup Ct, Kings County 2014]). In other words, to establish a basis for the advancement of legal fees, plaintiff was not required to establish as a matter of law that his actions comported with the conduct standard set forth in N-PCL 722, but only to raise a genuine question of fact or law that he so comported himself.
In this regard, Supreme Court determined that plaintiff's evidentiary showing was inadequate, and we agree. The operative burden here was for plaintiff to raise a "genuine issue[] of fact or law" (N-PCL 724 [c] [emphasis added]). To that end, plaintiff presented an unverified complaint, the affidavit of counsel reporting that plaintiff publicly denied the allegations of wrongdoing through a statement issued by counsel on September 22, 2016, the very fact that he pleaded not guilty to both the state and federal charges and the unsworn undertaking (see CPLR 2502 [d]) given to defendants in October 2016. As Supreme Court duly recognized, this documentation is without probative value and thus unavailing (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Sul-Lowe v Hunter, 148 AD3d 1326, 1329 [2017]). Nor is a not guilty plea the equivalent of the good faith representation defined in N-PCL 722 (a). Glaringly absent is any affirmed statement by plaintiff that he acted in good faith (compare Levy v Young Adult Inst., Inc., 2015 WL 5333536 at *2-3, 2015 US Dist LEXIS 122442 at *2 [detailed affidavit by Levy refuting counterclaims against him]; Booth Oil Site Admin. Group v Safety-Kleen Corp., 137 F Supp 2d at 238 [affidavits denying any liability deemed sufficient]; Sequa Corp. v Gelmin, 828 F Supp at 207 [the defendant's affidavit denying corporation's allegation of fraud raised genuine issue]; Galante v Queens Borough Pub. Lib., 2016 WL [*3]4573978 at *2, 2016 US Dist LEXIS 118251 at *9-10 [the plaintiff denied allegations of wrongdoing in pleadings and provided a reasoned basis for doing so]). Given this inadequate showing, we cannot say that Supreme Court abused its discretion in denying plaintiff's request for the advancement of fees under N-PCL 724 (c). Nor, as the court recognized, did plaintiff make any showing whatsoever as to irreparable harm. The record indicates that plaintiff earned over $1 million a year for the preceding six years, indicating his ability to finance an adequate defense. Further, plaintiff's counsel confirmed at oral argument that defendants' insurer agreed to finance 50% of the legal expenses, and counsel confirmed that he has no present intention of withdrawing from the representation.
We further conclude that Supreme Court properly denied plaintiff's motion based on promissory estoppel grounds. The doctrine of promissory estoppel may be invoked where it is "shown that the defendant made a clear and unambiguous promise upon which the plaintiff reasonably relied to his or her detriment" (Clifford R. Gray, Inc. v LeChase Constr. Servs., 51 AD3d 1169, 1170 [2008] [internal quotation marks and citation omitted]). The payment representations purportedly made by counsel for defendants occurred around May 2016, in advance of the October 2016 undertakings in which the parties effectively reserved their respective rights as to the payment of fees beyond September 22, 2016. Moreover, it is difficult to discern how the retention of counsel was detrimental to plaintiff's interests.
McCarthy, J.P., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.