Morris E. Spector, J.
Motions numbered 72 and 73 on the calendar of December 27,1968, are consolidated for decision and disposed of as follows:
The third-party plaintiff, Robert Chaut, hereinafter referred to as “ Chaut ”, moves for an order pursuant to section 725 of *425 the Business Corporation Law awarding him his reasonable expenses, including attorneys’ fees, during the pendency of the litigation as are necessary in connection with his defense herein and directing third-party defendant M. A. Schapiro & Co., Inc., hereinafter referred to as “ Schapiro ’ ’, to pay him the sum of $15,000 as an interim allowance towards such expenses. Schapiro cross-moves for an order, pursuant to CPLR 3211, for judgment dismissing the third-party complaint as to it on the ground that said complaint fails to state a cause of action against Schapiro.
This action was instituted by Professional Insurance Company of New York, hereinafter referred to as “ Professional ”, a New York insurance corporation, against Ghaut, a former director, and 13 other former directors, for an accounting and damages arising from alleged breaches of their fiduciary duties to Professional. Defendant 1 ‘ Ghaut ’ ’, in his answer, denied the substantive allegations of the complaint, asserted several affirmative defenses, and set forth a counterclaim for indemnification from plaintiff. Thereafter he served a third-party complaint against Schapiro and others, asserting as to Schapiro a claim under sections 723 and 725 of the Business Corporation Law for indemnification “ against judgments, fines, amounts paid in reasonable settlement and reasonable expenses, including attorneys ’ fees actually and necessarily incurred, as a result of plaintiff’s action and any appeal therein ”.
Subdivision (a) of section 725 of the Business Corporation Law states: 1 ‘ Notwithstanding the failure of a corporation to provide indemnification, and despite any contrary resolution of the board or of the shareholders in the specific case under section 724 (Payment of indemnification other than by court award), indemnification shall be awarded by a court to the extent authorized under sections 722 (Authorization for indemnification of directors and officers in actions by or in the right of a corporation to procure a judgment in its favor), 723 (Authorization for indemnification of directors and officers in actions or proceedings other than by or in the right of a corporation to procure a judgment in its favor), and paragraph (a) of section 724.”
Subdivision (c) provides: “Where indemnification is sought by judicial action, the court may allow a person such reasonable expenses, including attorneys’ fees, during the pendency of the litigation as are necessary in connection with his defense therein, if the court shall find that the defendant has by his pleadings or during the course of the litigation raised genuine issues of fad or lem ”, (Emphasis supplied,)
*426 Third-party defendant Schapiro strenuously contends that section 723 of the Business Corporation Law cannot be applied, as this case involves a suit whereby a director (Chaut) is sued by a corporation (Professional) for breach of his fiduciary duties to the corporation. Schapiro also argues that sections 722 and 723 of the Business Corporation Law are mutually exclusive and that Chant’s right to indemnification, if any, is only to plaintiff Professional, based on said section 722. An analysis of the pertinent provisions of the said sections and the legislative history of same compel a contrary conclusion under the circumstances herein.
Subdivision (a) of section 723 of the Business Corporation Law, reads: “A corporation may indemnify any person, made or threatened to be made, a party to an action or proceeding other them one by or in the right of the corporation to procure a judgment in its favor, whether civil or criminal, including an action by or in the right of any other corporation * * * which any director or officer of the corporation served in any capacity at the request of the corporation, by reason of the fact that he * # * was a director or officer of the corporation, or served such other corporation in any capacity, against judgments, fines, amounts paid in settlement and reasonable expenses, including attorneys’ fees actually and necessarily incurred as a result of such action or proceeding, or any appeal therein, if such director or officer acted, in good faith, for a purpose which he reasonably believed to be in the best interests of the corporation ’ ’.
This section is completely new. As noted in the Legislative Studies and Reports on section 723 (McKinney’s Cons. Laws of N. Y., Book 6, Business Corporation Law, p. 937), its purpose ‘1 is to codify the common law principle that directors or officers are reimbursable by the corporation for expenses incurred and amounts paid in the defense of actions or proceedings other than derivative actions ” (actions by or in the right of a corporation to procure a judgment in its favor). Commenting on the Business Corporation Law, Professor Samuel Hoffman, who served as a Drafting Consultant to the New York Joint Legislative Committee to Study Revision of Corporation Laws, observed that “ The new law authorizes indemnification of directors and officers in both derivative (Section 722) and non-derivative (Section 723) categories * * * Section 723 is a new formulation for this state. It affords indemnification rights to directors and officers charged in non-derivative actions or proceedings with tortious or criminal conduct, breach of contract or the like, that has resulted from activity in the course *427 of employment, undertaken for the benefit of the corporation ”. (Hoffman, Status of Shareholders and Directors Under New York’s Business Corporation Law: A Comparative View, 11 Buffalo L. Rev. 496, 573-574 [1962].)
Giving full effect to the language utilized in section 723, this court determines that it is applicable to so-called 1 ‘ derivative suits ”. The clause “ including an action by or in the right of cmy other corporation * * * which any director or officer of the corporation served in any capacity at the request of the corporation” (Business Corporation Law, § 723, subd. [a]; emphasis supplied), clearly warrants this result. Such statutory construction is further buttressed by the careful use of the phrase ‘ ‘ the corporation ’ ’ when referring to the party against which indemnification is sought and of the phrase “ any other corporation ” when referring to the third party asserting the claim. Any allowance by the court of such reasonable expenses, including attorneys’ fees, during the pendency of the litigation as are necessary in connection with the person’s defense therein, must be repaid under section 726 of the Business Corporation Law, where the person is ultimately found not to be so entitled to indemnification.
The fact that Chaut also seeks indemnification from plaintiff corporation pursuant to section 722 does not deprive him of availing himself of any rights he may have under section 723 to indemnification from Schapiro. No authority for such a contrary conclusion may be gleaned either explicitly or implicitly from the aforesaid sections.
Third-party defendant Schapiro next asserts that Chaut has failed to raise ‘1 genuine issues of fact or law ’ ’ as required by subdivision (c) of section 725 of the Business Corporation Law. This contention is untenable. Schapiro in its answer to the third-party complaint specifically admits in paragraph “ 8 ” thereof that Chaut has raised issues of fact and law by his answer to plaintiff’s complaint and by the third-party complaint. In essence Chaut maintains that at all relevant times he was an officer of Schapiro and served as a director of plaintiff, Professional, at the request of and for the benefit of Schapiro; that at all such times he acted in good faith for a purpose he reasonably believed to be in the best interest of Schapiro. Schapiro admits that Chaut was an officer but denies that he served as a director of Professional at the request of or for the benefit of Schapiro. Clearly a genuine issue of fact is raised by these pleadings.
Regarding Schapiro’s argument that Chaut has failed to establish a “ reasonable probability of success ”, it must be *428 noted that no such requirement is set forth in sections 722, 723 or 725 of the Business Corporation Law. Adequate protection for a corporation making a payment pendente lite pursuant to court direction under subdivision (c) of section 725 is provided for by section 726 and by such appropriate directions as the court may issue in the exercise of its sound discretion. Therefore under the circumstances herein there is no necessity for this court to impose a requirement of a showing of probability of success upon the movant.
Under subdivision (c) of section 726 the allowance, pendente lite, is specifically limited to ‘ ‘ such reasonable expenses, including attorneys’ fees, * * * as are necessary in connection with [the] defense ”. Schapiro contends that the reasonable expenses, incurred by Chant in the enforcement of his right to indemnification from Schapiro, are not includable under said subdivision (c), on the ground that same are not necessary to the defense by Ghaut in the action instituted against him by Professional. The court does not agree. Obviously if it were not for the action commenced by Professional there would be no assertion by Ghaut of rights to indemnification against either Professional or Schapiro. The allowance of expenses pendente lite pursuant to subdivision (c) of section 725 of the Business Corporation Law,, is involved only where the corporation has failed to provide indemnification, and it makes no difference whether the allowance is sought within the ambit of a derivative (§ 722) or nonderivative (§ 723) category as long as such allowance is necessary in connection with the defense in the litigation. The statutory machinery set up in sections 722, 723 and 725 manifests this interpretation. The provision of subdivision (c) of section 725 of the Business Corporation Law has been described as a desirable policy expedient because of its tendency to encourage directors and officers to assume stewardship responsibilities (see Hoffman, Status of Shareholders and Directors Under New York’s Business Corporation Law: A Comparative View, 11 Buffalo L. Rev. 496, 581 [1962]; 3 White, New York Corporations [13th ed.], §§ 724.03, 725.03).
Perusal of the affidavits of legal services and expenses furnished by the attorneys for defendant and third-party plaintiff Ghaut disclosed that up to October 15, 1968 legal fees of $7,650 together with disbursements of $407.89 have been incurred, totaling $8,057.89, of which only $1,000 has been paid. Upon consideration of said affidavits and of the affidavit of Ohaut relating to his financial condition and in view of all the aforesaid and the circumstances herein, the court determines to exercise' its discretion under subdivision (c) of section 725 of *429 the Business Corporation Law. Accordingly, the motion of the third-party plaintiff is granted to the extent of awarding him his reasonable expenses, including attorneys’ fees, pendente lite, in the amount of $7,057.89, on condition that said third-party plaintiff provide sufficient undertaking to repay the whole or such portion of said amount together with interest at the legal rate as the court may ultimately determine to be reimbursable to Schapiro. The granting of the third-party plaintiff’s motion is without prejudice to further application as counsel is advised. The cross motion of third-party defendant Schapiro is in all respects denied.