■ EDWARD BAKER, Appellant, v. GILBERT, FRANCIS, BAKER ASSOC., INC., et al., Respondents.— Order, entered on January 9, 1969, granting defendants' cross motion to dismiss the complaint herein for legal insufficiency unanimously affirmed, without costs, or disbursements and with leave to plaintiff to apply at Special Term, within 20 days after publication hereof, for vacatur of the dismissal and permission to serve an amended complaint if he be so advised. (*Kilgour* v. *Tenney Corp.,* 31 A D 2d 517.) The present complaint is legally insufficient, but enough has been shown to indicate that some form of relief may be sought if based upon a proper pleading. Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Nunez, JJ.

■ ALFRED S. MULLER, Respondent, v. BAIER LUSTGARTEN, Individually and Doing Business as MIDDLE ISLAND COUNTRY CLUB, Appellant.— Order, entered March 26, 1969, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the motion denied, without prejudice to renewal upon a proper factual showing warranting a departure from the statement of readiness rule. (Rules of the Supreme Court, New York and Bronx Counties, part 1, rule IV; 22 NYCRR 660.4.) Plaintiff's motion for a discovery and inspection of photographs alleged to have been taken by defendant at or about the time of the accident, was made two years after the accident and one year after a statement of readiness had been filed. The present record fails to show the requisite unusual or unanticipated conditions which permit relaxation of the statement of readiness rule. The motion should therefore have been denied. (*Pioneer Jewelry Corp.* v. *All Continent Corp.,* 24 A D 2d 436; *Jacobs* v. *Peress,* 23 A D 2d 483; *McGuire* v. *Pick,* 8 A D 2d 800; *Price* v. *Brody,* 7 A D 2d 204.) Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Nunez, JJ.

■ PROFESSIONAL INSURANCE COMPANY OF NEW YORK, Plaintiff, v. DESMOND T. BARRY et al., Defendants. ROBERT CHAUT, Third-Party Plaintiff-Appellant-Respondent, v. M. A. SCHAPIRO & CO., INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendants.— Order entered February 4, 1969 unanimously affirmed in all respects, with $50 costs and disbursements to third-party plaintiff. Special Term's elimination of the $1,000 paid by Chaut is not approved and our affirmance is not to be construed as limiting any possible recovery in this respect. Concur — Stevens, P. J., Eager, Capozzoli, Nunez and Steuer, JJ.