**SEQUA CORPORATION and Sequa Capital Corporation, Plaintiffs,**

v.

**Jeffrey J. GELMIN, David J. O'Brien, GBJ Corporation, and Topaz Capital Corporation, Defendants.**

**No. 91 Civ. 8675 (CSH).**

United States District Court, S.D. New York.

July 19, 1993.

Thomas A. Butler, Butler, Fitzgerald & Potter, New York City, for plaintiff GBJ Corp.

David M. Brodsky, Schulte Roth & Zabel, New York City, for defendants Sequa Corp. and Sequa Capital Corp.

David Brodsky, Schulte Roth & Zabel, Jack H. Weiner, New York City, for defendant BT Securities Corp. New York.

David Golub, Silver Golub & Teitell, Stamford, CT, for third-party defendant David J. O'Brien.

David J. O'Brien, pro se.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

The history of this commercial litigation appears in this Court's prior opinion reported *sub nom. GBJ Corp. v. Sequa Corp.*, 804

F.Supp. 564 (S.D.N.Y.1992), familiarity with which is assumed.

Following dismissal of GBJ's complaint on the ground that it was not the owner of a "security," and accordingly did not state a claim over which this Court had subject matter jurisdiction, the erstwhile Sequa defendants realigned themselves as plaintiffs for the purpose of asserting civil RICO and pendent state claims against Jeffrey Gelmin, the corporations he allegedly controls, and David J. O'Brien, formerly a high ranking executive of the Sequa corporations. Sequa (I will hereafter refer to the two corporations collectively) charges O'Brien with having participated with Gelmin in the fraudulent schemes underlying the RICO claims.

O'Brien, appearing pro se (albeit with the unpaid help of a friendly attorney), moves in advance of answering Sequa's complaint for various forms of relief. Specifically, O'Brien moves to dismiss the complaint for lack of personal jurisdiction over him; for improper venue; and for failure to state a claim. Alternatively, O'Brien seeks a transfer of the action against him under *forum non conveniens* or 28 U.S.C. § 1404(a).[1] Finally, O'Brien moves for an order requiring Sequa to advance him his litigation costs and expenses, including attorneys' fees, and to reinstate his salary during the pendency of the action.

The only question of substance presented by O'Brien's motion relates to his claim for indemnification of expenses and fees, a claim based upon § 724(c) of the New York Business Corporation Law (McKinney's Supp. 1993) ("BCL"). The other issues may be summarily disposed of.

■ O'Brien is subject to this Court's jurisdiction because Sequa adequately pleads a civil RICO claim against him under 18 U.S.C. § 1964, and RICO provides for nationwide service of process. *See* § 1965(b). Accordingly it is not necessary to consider the alternative basis of New York long-arm personal jurisdiction, although O'Brien's employment as a Sequa officer in New York would clearly satisfy that statute. Venue in this district is

---

1. Originally O'Brien asked for a transfer to Florida, where he then resided. He has now moved to Syracuse in connection with new employment, and asks that the transfer be to the Western District of New York.

established both by the particular RICO provision in § 1965(b) and the general venue statute, 28 U.S.C. § 1391(b)(2). Notwithstanding O'Brien's conclusory denials, Sequa's complaint adequately charges him with personal participation in the underlying fraud. A transfer of the action to the Western District of New York would not, in the totality of circumstances, be appropriate under 28 U.S.C. § 1404(a), even assuming (which seems doubtful) that the action could have been commenced there, a statutory prerequisite to transfer.

I come, therefore, to the question of indemnification by Sequa of its former officer during the pendency of the litigation.

After commencement of the action in its present form, O'Brien wrote Sequa to demand indemnification under BCL §§ 720–726 and under the corporations' bylaws and his terms of employment. Sequa rejected the demand in a letter dated November 9, 1992. O'Brien then made this motion.

BCL § 722 permits but does not require a corporation to provide in its bylaws or other corporate documents for the indemnification of its officers and directors against legal judgments and expenses incurred by them in civil or criminal litigation "by reason of the fact" that the individual "was a director or officer of the corporation," if at the pertinent times the officer or director was acting in good faith. BCL § 722(a).[2] Sequa's bylaws contain indemnification provisions, but the corporations, not surprisingly in view of their charges of fraud against O'Brien, have refused his claim on the ground that he was not acting in good faith.

Quite apart from the corporation's bylaws, BCL § 723(a) mandates indemnification of officers or directors by the corporation if such individuals succeed defending against the kind of action covered by § 722.

Sequa's refusal to indemnify O'Brien does not end the matter. The statutory scheme contemplates such a refusal and provides for what happens next. Those provisions appear in BCL § 724, which provides in full:

(a) Notwithstanding the failure of a corporation to provide indemnification, and despite any contrary resolution of the board or of the shareholders in the specific case under section 723 (Payment of indemnification other than by court award), indemnification shall be awarded by a court to the extent authorized under section 722 (Authorization for indemnification of directors and officers), and paragraph (a) of section 723. Application therefor may be made, in every case, either:

(1) In the civil action or proceeding in which the expenses were incurred or other amounts were paid, or

(2) To the supreme court in a separate proceeding, in which case the application shall set forth the disposition of any previous application made to any court for the same or similar relief and also reasonable cause for the failure to make application for such relief in the action or proceeding in which the expenses were incurred or other amounts were paid.

(b) The application shall be made in such manner and form as may be required by the applicable rules of court or, in the absence thereof, by direction of a court to which it is made. Such application shall be upon notice to the corporation. The court may also direct that notice be given at the expense of the corporation to the shareholders and such other persons as it may designate in such manner as it may require.

(c) Where indemnification is sought by judicial action, the court may allow a person such reasonable expenses, including attorneys' fees, during the pendency of the litigation as are necessary in connection with his defense therein, if the court shall find that the defendant has by his pleadings or during the course of the litigation raised genuine issues of fact or law.

■ I have set forth the entire text of § 724 because each of its subsections bears upon the relief O'Brien seeks and the manner in which he seeks it. Courts are authorized to order indemnification of present or former corporate directors against litigation expense, notwithstanding the corporation's refusal to do so. § 724(a). The officer may make application for an indemnification order in the civil action in which the expense was

---

2. BCL § 722(b)-(d) expand upon these themes in manners not germane to the present analysis.

incurred, § 724(a)(1), or by separate proceeding in the New York supreme court, § 724(a)(2). In the case at bar, O'Brien chose the first option and made his motion in this Court. The application must be made in accordance with the rules of the court selected, or in the absence of applicable rules, at the court's direction. § 724(b). The statute authorizes the court to allow the officer expenses including attorneys' fees necessary for his defense "during the pendency of the litigation," so long as the court finds that "the defendant has by his pleadings or during the course of the litigation raised genuine issues of fact or law." § 724(c). O'Brien says he has made that showing by affidavits denying Sequa's allegations that he defrauded the corporations.

Sequa makes the threshold contention that because the corporations charge their former officer with RICO offenses, he has no right to claim the sort of indemnification contemplated by the BCL. Sequa relies upon such cases as *Academic Indus., Inc. v. Untermeyer Mace Partners, Ltd.*, 1992 WL 73473 at \*6 (S.D.N.Y. Apr. 1, 1992); *Department of Economic Dev. v. Arthur Andersen & Co.*, 747 F.Supp. 922 (S.D.N.Y.1990); and *Minpeco, S.A. v. ContiCommodity Serv., Inc.*, 677 F.Supp. 151 (S.D.N.Y.1988). These cases hold that a RICO defendant cannot seek to cast his full liability upon another by claiming indemnity. The stated rationale is that no cause of action for indemnity may be implied under RICO and there is no federal common law right. *Andersen* at 931. Comparable considerations bar claims for contribution in RICO actions. *Minpeco* at 154.

I do not think these principles preclude O'Brien from pursuing the far more narrow remedy made available to him by BCL § 724(c). If O'Brien has properly stated a claim under that subsection, all Sequa will be required to do is advance O'Brien's reasonable expense of defending the claims Sequa makes against him. That limited relief does not extend to indemnification for liability, the focus of the cases Sequa cites. The question is apparently one of first impression. I decline to hold that just because a corporation alleges a RICO claim against its former officer, it deprives that officer of the benefits the New York legislature undertook to bestow upon such individuals in the BCL.

Confronting O'Brien's BCL claim, Sequa resists it on substantive and procedural grounds. As to procedure, Sequa cites Judge Leisure's opinion in *Qantel Corp. v. Niemuller*, 771 F.Supp. 1372, 1374 (S.D.N.Y. 1991), for the proposition that "a defendant may only enforce a corporation's by-law provision for indemnification on either a motion for summary judgment or by asserting a specific counterclaim for such relief." Brief at 27. Sequa expands on that argument by contending that O'Brien has failed to justify summary judgment on his behalf under such familiar cases as *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). There is nothing to these contentions. Judge Leisure's characteristically lucid opinion in *Qantel* contains no language supporting the proposition for which Sequa cites it. On the contrary: Judge Leisure denied the *Qantel* defendant's motion because he relied upon the wrong section of the BCL; the judge made his order "without prejudice to his bringing a separate motion under the appropriate statutory provision," namely, BCL § 724(c). *Id.* at 1375. Accordingly *Qantel* explicitly sanctions the procedural course followed by O'Brien in the instant case.

Nor need O'Brien, at this stage of the proceedings, make a showing comparable to that required to obtain summary judgment. To obtain summary judgment the movant must show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P. BCL § 724(c) requires only that the court find that the defendant has "raised genuine issues of fact and law": a far less demanding standard. In *Professional Ins. Co. of New York v. Barry*, 60 Misc.2d 424, 303 N.Y.S.2d 556 (Sup.Ct.N.Y.County), *aff'd*, 32 A.D.2d 898, 302 N.Y.S.2d 722 (1st Dep't 1969), in which a corporation brought an action for fraud against a former director and others, the trial court held that the director, one Chaut, satisfied the requirement of § 724(c) [3] because:

---

**3.** The pertinent section of the BCL was numbered § 725(c) at the time the case was decided.

In essence Chaut maintains that at all relevant times he was an officer of Schapiro and served as a director of plaintiff, Professional at the request of and for the benefit of Schapiro; and that all such times he acted in good faith for a purpose he reasonably believed to be in the best interest of Schapiro. Schapiro admits that Chaut was an officer, but denies that he served as a director of Professional at the request of or for the benefit of Schapiro. Clearly a genuine issue of fact is raised by these pleadings.

303 N.Y.S.2d at 560. The state judge in *Barry* added that "there is no necessity for this court to impose a requirement of a showing of probability of success upon the movant." *Id.* at 560.

■ O'Brien makes comparable protestations of innocence in the case at bar, and thereby raises genuine issues of fact. While Chaut, the former director in *Barry*, made his assertions in answers to the pleadings, whereas O'Brien makes them in affidavits supporting a motion, this is a distinction without a difference, particularly under federal practice, which permits a defendant to move against a complaint in advance of answering. Rule 12(b).

*Barry* also squarely refutes Sequa's substantive argument that these provisions of the BCL cannot apply to a case where an officer or director is sued by a corporation for breach of his fiduciary duties to the corporation. *Id.* at 558–560. *Qantel, supra,* reaches the same conclusion. *Barry* has been cited in other jurisdictions for the proposition that, under comparable statutes, a former corporate officer or director is entitled to indemnification for attorneys' fees and costs "in successfully defending against three counts of a civil complaint filed against him by his former corporation." *MCI Telecommunications Corp. v. Wanzer,* 1990 WL 91100 at *1 (Sup.Ct.Del., New Castle County, June 19, 1990). While *Wanzer* dealt with a defendant who had succeeded after trial, the interim payments O'Brien seeks at bar are specifically provided for by BCL § 724(c).

Accordingly I grant O'Brien's motion under BCL § 724(c) and require Sequa to advance O'Brien's reasonable litigation expenses, including attorneys' fees.

As Sequa observes, O'Brien may be required to repay these advances if Sequa sustains its claims of fraud against him. BCL § 725(a). This prompts Sequa, as a final alternative argument, to say that if it must make interim payments to O'Brien, the Court should require O'Brien to post a bond to secure such possible repayment.

Sequa seeks to support that request by a reference to BCL § 723(c), which contemplates the giving "of an undertaking by or on behalf of such director or officer to repay such amount as, and to the extent required by paragraph (a) of section 725." But BCL § 723 refers to the payment of indemnification other than by court award, and consequently has no relevance to O'Brien's motion under § 724. Section 724 contains no language requiring the giving of security by an officer or director who successfully invokes its provisions, and I decline to infer one. Sequa cites no pertinent case.

Sequa's obligation to fund O'Brien's reasonable expenses and attorney's fees begins immediately. It will not cover any expenses incurred prior to the date of this Opinion and Order. Any disputes that may arise with respect to the amounts, the mechanics, or other aspects of implementing this Opinion and Order are respectfully referred to Magistrate Judge Dolinger, who is supervising the litigation. Sequa is directed to complete suitable arrangements for the funding of O'Brien's reasonable litigation expenses, including attorney's fees, within thirty (30) days of the date of this Opinion and Order, unless Judge Dolinger extends the time.

Failing compliance by Sequa with this Opinion and Order, O'Brien may apply on five (5) days' notice to Sequa for an Order dismissing the complaint as to him with prejudice.

Because of the result of this Opinion and Order O'Brien may now retain counsel and call upon Sequa to pay counsel's reasonable fees, I stay further discovery in the case until O'Brien's legal representation is in place and prepared to proceed. The parties are relieved of any discovery or related deadlines previously set by this Court or by Judge Dolinger. Judge Dolinger will be in charge of further scheduling.

Insofar as O'Brien's motion seeks a restoration of his prior salary as a corporate officer at Sequa, the motion is denied.

The litigation will proceed in a manner consistent with this Opinion.

It is SO ORDERED.