882 So.2d 1021 (2004)
The CHATLOS FOUNDATION, INC., et al, Appellants,
v.
Joy Chatlos D'ARATA, etc., Appellee.
Nos. 5D02-3330, 5D02-3590.
District Court of Appeal of Florida, Fifth District.
August 6, 2004.
Rehearing Denied October 1, 2004.
I. William Spivey, II, and Dawn Giebler Millner, of Greenberg Traurig, P.A., Orlando, and Elliot H. Scherker and Paul C. Savage, of Greenberg Traurig, P.A., Miami, for Appellants.
Wendell R. Bird, P.C., of Bird & Loechl, LLC, Atlanta, GA, and Frederick H. Nelson, of Law Offices of Frederick H. Nelson, P.A., Altamonte Springs, for Appellee.
*1022 PETERSON, J.
The Chatlos Foundation, Inc., ("the Foundation"), appeals an order granting the right to indemnification and advancement of legal fees and costs to plaintiff below, Joy Chatlos D'Arata, ("D'Arata").
The facts of this case and the order appealed are set forth in the following excerpts from the lower court's order:
1. D'Arata was a director or trustee of the Chatlos Foundation[1] (and D'Arata contends that she was wrongfully terminated from that position).... It appears to be an undisputed fact that D'Arata was also an officer and employee of the Foundation (and D'Arata contends that she was wrongfully terminated from those positions), and that D'Arata was a member at least through early 2001 (though the parties differ as to whether the Board of Trustees validly eliminated the position of members then).
* * *
5. The nature of the proceeding is D'Arata's action as a director, vice president, and member ..., which is in substantial part derivative ..., alleging various illegal acts by the Foundation and [Chatlos] in his official and individual capacities.
6. The Foundation is using Foundation funds to pay its own legal fees and costs, and to pay those of [Chatlos] as an individual defendant.
The court then found the following "relevant circumstances:"
1. Without addressing the merits of the causes of action, the facts alleged and the causes of action pled in the Amended Complaint raise serious issues under federal and/or Florida law that need to be adjudicated....
2. The Chatlos Foundation is a non-profit organization under federal law, and is a New York corporation that is qualified to do business in Florida, and that warrants certain judicial and administrative oversight over nonprofit organizations.
3. It would not be fair, and would allow the larger party to smother the smaller party, if the Foundation did not indemnify and advance D'Arata's legal fees and costs in seeking, from her viewpoint, to protect the Foundation and its assets against these activities.
* * *
6. D'Arata is entitled to indemnification, based upon all the relevant evidence contained in the record before the Court, and the evidence of significant litigation which has gone on to date, which includes innumerable hearings, extraordinarily detailed and competent memoranda, and the outstanding arguments of counsel.
The court then addressed both Florida law and New York law, and the application of each to the undisputed facts and relevant circumstances, finding entitlement to indemnification *1023 under both. The court concluded:
1. Pursuant to F.S.A. § 607.0850(8) and (9), "indemnification and advancement of expenses, including expenses incurred in seeking court-ordered indemnification or advancement of expenses," are awarded to D'Arata from The Chatlos Foundation. Expenses are defined as legal fees and costs of this action. Alternatively, this award is entered pursuant to New York Not-for-Profit Corporation Law §§ 724, 720.
2. The amount of legal fees to be indemnified by The Chatlos Foundation to D'Arata is the reasonable amount to be determined by this Court in a separate hearing.
At a subsequent hearing, the court awarded $132,181.50 attorney's fees and $11,636.44 expenses to one of D'Arata's attorneys and $20,796.00 attorney's fees and $1,098.84 expenses to another.

STANDARD OF REVIEW
Review of the lower court's order requires us to consider the standard of review of that order, whether Florida or New York law applies and the requirements of the law of the appropriate state. In awarding D'Arata attorney's fees, the lower court stated in its order that it examined the affidavits, documents and pleadings filed by both parties. We are asked to review these same documents. Accordingly, since this court is in the same position as the lower court to review these documents, as well as interpret the various statutes, we find that the lower court made a decision of law reviewable by this court de novo. See Philip J. Padovano, Florida Appellate Practice, §§ 9.4-9.5 (2003); see also Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998) (holding that judicial interpretation of state statutes is a purely legal matter and therefore subject to de novo review).

CONFLICT OF LAWS
Section 617.1505(3), Florida Statutes, provides:
(3) This [Florida Not For Profit Corporation] act does not authorize this state to regulate the organization or internal affairs of a foreign corporation authorized to conduct its affairs in this state.
Davis & Cox v. Summa Corp., 751 F.2d 1507 (9th Cir.1985), is helpful in determining what is meant by the internal affairs of a corporation.
Claims involving "internal affairs" of corporations, such as the breach of fiduciary duties, are subject to the laws of the state of incorporation. See Weiss v. Kay Jewelry Stores, Inc., 470 F.2d 1259, 1268 (D.C.Cir.1972); Wilshire Oil Co. of Texas v. Riffe, 409 F.2d 1277, 1283 & n. 16 (10th Cir.1969); see generally Restatement (Second) of Conflict of Laws §§ 302, 309 (1971). Here, corporate indemnification involves issues peculiar to the affairs of a corporation. Indemnification of corporate directors, like the fiduciary obligations of corporate directors, is an "internal affair" of a corporation and is therefore subject to the law of the state of incorporation.
Id. at 1527; see also Gross v. Texas Plastics, Inc., 344 F.Supp. 564, 566 (D.N.J.1972). Because the Foundation was incorporated in New York, we find that based upon section 617.1505(3) and the federal case law interpreting "internal affairs," New York law would apply in the instant case.

NEW YORK LAW
The Foundation contends that D'Arata is entitled to no indemnification under the applicable New York law because section 724(c) of New York Business *1024 Corporation Law is limited by its own express terms to indemnification of directors and officers in defense of an action and D'Arata is not defending an action. On the other hand, D'Arata contends that New York law allows for indemnification under the facts of this case.
The governing New York statute as set forth in the lower court's order and parties' briefs, provides:
(a) Notwithstanding the failure of a corporation to provide indemnification, and despite any contrary resolution of the board or of the shareholders in the specific case under section 723 (Payment of indemnification other than by court award), indemnification shall be awarded by a court to the extent authorized under section 722 (Authorization for indemnification of directors and officers), and paragraph (a) of section 723. Applications therefor may be made, in every case, either:
(1) In the civil action or proceeding in which the expenses were incurred or other amounts were paid, ...
(b) The application shall be made in such manner and form as may be required by the applicable rules of court or, in the absence thereof, by direction of a court to which it is made. Such application shall be upon notice to the corporation. The court may also direct that notice be given at the expense of the corporation to the shareholders and such other persons as it may designate in such manner as it may require.
(c) Where indemnification is sought by judicial action, the court may allow a person such reasonable expenses, including attorneys' fees, during the pendency of the litigation as are necessary in connection with his defense therein, if the court shall find that the defendant has by his pleadings or during the course of the litigation raised genuine issues of fact or law.
N.Y. Bus. Corp. Law § 724 (McKinney 2002) (emphasis added). The trial court cites Professional Insurance Co. v. Barry, 60 Misc.2d 424, 303 N.Y.S.2d 556 (N.Y.Sup.Ct.1969), affirmed, 32 A.D.2d 898, 302 N.Y.S.2d 722 (1969), in support of finding D'Arata's entitlement to indemnification based on this statute. In that case, Professional Insurance Co. filed a cause of action against Chaut, a former director for accounting for damages arising from alleged breaches of fiduciary duties. In his answer, Chaut set forth a counterclaim for indemnification from Professional Insurance Co. under the above statute. The court found:
The allowance of expenses pendent lite pursuant to section 725,[2] subdivision (c) of the Business Corporation Law is involved only where the corporation has failed to provide indemnification and it makes no difference whether the allowance is sought within the ambit of a derivative (s 722) or non-derivative (s 723) category as long as such allowance is necessary in connection with the defense in the litigation.

(Emphasis added). Due to the statutory requirement of awarding indemnification as necessary in connection with a defense, we find that D'Arata, who has filed a cause of action against the Foundation, is not entitled to indemnification under the law of New York. Simply stated, because D'Arata is not conducting a defense in this cause, the lower court erred in finding entitlement.
Accordingly, the award of fees to fund litigation initiated by D'Arata is vacated and we remand for further proceedings.
ORDER VACATED; REMANDED.
*1025 TORPY, J., concurs.
SHARP, W., J., dissents with opinion.
SHARP, W., J., dissenting.
I respectfully dissent. Joy Chatlos D'Arata filed this lawsuit against the Chatlos Foundation and her brother, William Chatlos, individually and as President and Member of the Board of Directors of the Foundation, alleging among other things, that she was wrongfully terminated as vice-president, trustee, and employee of the Foundation and that the Foundation has engaged in a variety of illegal acts.[1] The Foundation is a not-for profit New York corporation with its principal place of business in Longwood, Florida. The Foundation is qualified to do business in Florida and does, in fact, transact business in Florida.
The Foundation is using Foundation funds to pay its own legal fees and costs and to pay those of William Chatlos as an individual defendant. The trial court ordered the Foundation to likewise indemnify and advance legal fees and costs to D'Arata to "level the playing field" in a case which has already been extensively litigated although it is only at the pleading stage.[2]
I conclude that such an award is authorized under Florida law and would affirm. As a foreign corporation qualified to do business in Florida, the Foundation is governed by section 617.1505:

*1026 (1) A certificate of authority authorizes the foreign corporation to which it is issued to transact business in this state subject, however, to the right of the Department of State to suspend or revoke the certificate as provided in this act.
(2) A foreign corporation with a valid certificate of authority has the same but no greater rights and has the same but no greater privileges as, and except as otherwise provided by this act is subject to the same duties, restrictions, penalties, and liabilities now or later imposed on, a domestic corporation of like character. (emphasis added)
One duty or liability imposed upon domestic corporations is the obligation to indemnify officers, directors, employees and agents pursuant to section 607.0850:
* * *
(8) Indemnification and advancement of expenses as provided in this section shall continue as, unless otherwise provided when authorized or ratified, to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such a person, unless otherwise provided when authorized or ratified.
(9) Unless the corporation's articles of incorporation provide otherwise, notwithstanding the failure of a corporation to provide indemnification, and despite any contrary determination of the board or of the shareholders in the specific case, a director, officer, employee, or agent of the corporation who is or was a party to a proceeding may apply for indemnification or advancement of expenses, or both, to the court conducting the proceeding, to the circuit court, or to another court of competent jurisdiction. On receipt of an application, the court, after giving any notice that it considers necessary, may order indemnification and advancement of expenses, including expenses incurred in seeking court-ordered indemnification or advancement of expenses, if it determines that:
* * *
(c) The director, officer, employee, or agent is fairly and reasonably entitled to indemnification or advancement of expenses, or both, in view of all the relevant circumstances ...
In DeSaad v. Banco Industrial de Venzuela, 843 So.2d 953 (Fla. 3d DCA 2003), the third district held that section 607.0850 applied to a foreign corporation qualified to do business in Florida by virtue of section 607.1505(2). In that case, DeSaad was arrested for money laundering and conspiracy while employed by Banco Industrial. She successfully defended against those charges and sought indemnification against Banco Industrial, pursuant to section 607.0850. Her claim was dismissed on the basis that section 607.0850 was facially inapplicable to foreign corporations such as Banco Industrial and that inapplicability was not changed by the fact that Banco Industrial was operating under a certificate of authority to transact business in Florida.
On appeal, the court held that section 607.0850 applied to Banco Industrial given the fact that it was qualified to do business in Florida. Thus pursuant to section 607.1505(2), the corporation assumed the same liabilities imposed upon a domestic corporation. Liability under the indemnification statute is a liability imposed upon a domestic corporation and thus it is likewise imposed upon a foreign corporation authorized to do business in Florida.
Like Banco Industrial, the Foundation should be subject to Florida's indemnification statute, the same as domestic corporations. *1027 I disagree with the majority that section 617.1505(3) applies here as this section only bars regulation of the "internal affairs" of a foreign corporation.[3] In my view, indemnification in this case does not involve the internal affairs of the Foundation.
The "internal affairs" of a foreign corporation is very generally defined as matters that involve only the inner workings of a corporation, such as dividend declarations and the selection of officers. Black's Law Dictionary (8th ed 2004). However, there is no bright line between those matters which do and those which do not pertain to the internal affairs of a foreign corporation. In sum, the term has no very definite or fixed meaning. 23 Am.Jur. Foreign Corporations § 427.
"Internal affairs" of a corporation usually involve matters such as the steps taken in the course of the original incorporation, the election or appointment of directors and officers, the adoption of by-laws, the issuance of corporate shares, preemptive rights, the holding of directors' and shareholders' meetings, methods of voting including any requirement for cumulative voting, shareholders' rights to examine corporate records, charter and by-law amendments, mergers, consolidations and reorganizations and the reclassification of shares. See Restatement (Second) of Conflict of Laws § 302 (1971).
In contrast, indemnity is defined as "the duty to make good any loss, damage, or liability incurred by another" or "the right of an injured party to claim reimbursement for its loss, damage, or liability from a person who has such a duty." (emphasis added) Black's Law Dictionary (8th ed 2004). These duties and rights involve much more than the mere "inner workings" of the corporation.[4] In fact, under section 607.8050, a legal duty may be imposed on a corporation to indemnify an officer, director, employee or agent despite a contrary determination by the board or shareholders. Since the Foundation is subject to this statutory indemnification provision as though it were a domestic corporation, I believe the trial court properly indemnified and advanced D'Arata her legal fees and costs in this lawsuit.
NOTES
[1] The Foundation is a not-for-profit New York corporation with a principal place of business in Longwood, Florida. It was formed as a private foundation in 1953 by William F. Chatlos, grandfather of D'Arata and her brother William J. Chatlos, established "exclusively for charitable, religious, scientific, literary or educational purposes" under section 501(c)(3) of the Internal Revenue Code and subject to sections 4941-4945 of the Code. The complaint alleges that the Foundation had assets of over $146,000,000, which because of the acts of its manager and others, declined to less than $90,000,000 at the time the complaint was filed. Appellants claim that since 1953, the Foundation has donated more than $76 million to causes, with more than $42 million having been donated over the past ten years.
[2] Section 725 was renumbered section 724.
[1] According to D'Arata, the Foundation violated federal, Florida and New York laws that could subject it to penalties in the millions of dollars. She alleged that it mismanaged and wasted assets by paying William Chatlos $187,000 (including a $25,000 bonus) plus, without authorization or disclosure, another $188,640 per year (including a $125,0900 bonus), by paying two sisters who did no substantial work $143,750 and $152,000 per year (including $20,000 bonuses), plus another $29,400 without authorization or disclosure and by paying "discretionary funds" of $50,000 to each of these board members of the Foundation including various personal expenses. D'Arata also alleged the Foundation had violated the prudent investor standard so that Foundation assets plummeted from $146 million to $80 million. Furthermore, D'Arata alleged she was wrongfully terminated as a "whistleblower" when the Foundation cut off her salary and medical insurance.
[2] The court awarded the following legal fees and cost to D'Arata:

9. [A]ttorneys' fees of $84,272.50 for Wendell R. Bird (260.7 hours x $325.00 per hour); attorneys' fees of $2,028.00 for Richard Brittain (7.8 hours x $260.00 per hour thru 3/15/02); attorneys' fees of $1,350.00 for Richard Brittain (5 hours x $270.00 per hour after 3/15/02); attorneys' fees of $12,714.00 for Philip Craig (48.9 hours x $260.00 per hour); attorneys' fees of $252.00 for David Treadwell (1.2 hours x $210.00 per hour thru 3/15/02); attorneys' fees of $528.00 for David Treadwell (2.4 hours x $220.00 per hour after 3/15/02); attorneys' fees of $4,826.00 for Kevin J. Loechl (25.4 hours x $190.00 per hour); attorneys' fees of $12,992.00 for David Markese (81.2 hours x $160.00 per hour); attorneys' fees pf $4,306.50 for Jonathan McCants (29.7 hours x $145.00 per hour thru 3/15/02); attorneys' fees of $4,309.00 for Jonathan McCants (27.8 hours x $155.00 per hour thru 3/15/02); legal support fees of $2,465 for Collette Adams (23.4 hours x $85.00 per hour); legal support fees of $1,989.00 for Karin Adams (29.0 hours x $85.00 per hour) and costs totaling $11,636.44 is reasonable for the legal services of Bird & Associates, P.C., through September 15, 2002. The downward adjustment by Plaintiff's counsel brings the total of fees through September 15, 2002, to $132,181.50 and expenses of $11,636.44.
10. [A]ttorneys' fees of $22,950.00 for Frederick H. Nelson (100.2 hours x $225.00 per hour); legal support fees of $756.00 for Satu Nelson (12.6 hours x $60.00 per hour) and costs totaling $1,098.84 is reasonable for the legal services of The Law Offices of Frederick H. Nelson, P.A., through September 30, 2002. The downward adjustment by Plaintiff's counsel brings the total of fees through September 30, 2002, to $20,796.00 and expenses of $1,098.84.
[3] Section 617.1505(3) provides:

This act does not authorize this state to regulate the organization or internal affairs of a foreign corporation authorized to transact business in this state.
[4] D'Arata might not be entitled to indemnification had the lawsuit been filed in New York, because the New York law apparently only requires indemnification when the officer/director is a defendant. Professional Ins. Co. of New York v. Barry, 60 Misc.2d 424, 303 N.Y.S.2d 556 (N.Y.Sup.Ct.), affirmed, 32 A.D.2d 898, 302 N.Y.S.2d 722 (1969). However, the fact that New York has chosen to heavily regulate the indemnification of corporate directors and officers, and provides for indemnification by judicial action, supports my conclusion that indemnification is in the nature of a right, or a duty, and is not a mere internal affairs issue left solely to the corporation to decide.