OPINION OF THE COURT
Leonard B. Austin, J.
Plaintiff Emilio Mercado moves for fees and expenses related to his defense of the counterclaims interposed by defendant, COES FX, Inc., against him.
*767 Background
In September 2005, Mercado commenced this action against COES, alleging that COES owed him money for work performed as an officer of the corporation. COES’ amended answer included various counterclaims. Shortly thereafter, Mercado filed a motion for the allowance and payment of litigation fees and expenses he advanced in connection with his defense of COES’ counterclaims. Mercado and COES later stipulated and agreed that the counterclaims asserted by COES would be discontinued without prejudice. Mercado now seeks $2,775, which consists wholly of attorney’s fees related to defense of the now discontinued counterclaims.
Discussion
Mercado bases his claim for indemnification on Business Corporation Law §§ 722 to 724 since there is no corporate bylaw or agreement which would entitle him to indemnification by agreement.
Business Corporation Law § 722 permits, but does not require, a corporation to provide, in its bylaws or other corporate documents, for the indemnification of its officers and directors against judgments and legal expenses incurred by them (Sequa Corp. v Gelmin, 828 F Supp 203 [SD NY 1993]), unless they prevail on the merits. (See, Business Corporation Law § 723 [a].)
Furthermore, under Business Corporation Law § 724 (c), courts are authorized to order indemnification of present or former corporate directors against litigation expenses, notwithstanding the corporation’s refusal to do so. (Sequa Corp. v Gelmin, supra.) It is important to note that if the action is not of the kind covered under section 722, then neither Business Corporation Law § 723 nor § 724 are applicable, and the court has no statutory basis to order such indemnification.
Business Corporation Law § 722 (c), the provision upon which Mercado relies and on which any order by the court for indemnification must depend, provides that “[a] corporation may indemnify any person made, or threatened to be made, a party to an action by or in the right of the corporation to procure a judgment in its favor . . . .” Based on this language alone, it appears that this is the kind of action covered by section 722. However, the statute goes on to state that “no indemnification under this paragraph shall be made in respect of. . . a pending action which is settled or otherwise disposed of. . . .” The stat *768 ute, therefore, explicitly rules out indemnification in cases where the action against the officer or director has been disposed of in some manner other than on the merits.
In this case, Mercado and COES stipulated that the counterclaims would be discontinued without prejudice. The counterclaims were, therefore, resolved by stipulation between the parties. The disposition of the underlying matter was “otherwise disposed of.” (Business Corporation Law § 722 [c].) Thus, Mercado cannot be indemnified.
Accordingly, it is ordered that plaintiffs motion for counsel fees and expenses is denied.