■ ANDREW P. MARINCOVICH et al., Respondents, v DUNES HOTELS AND CASINOS, INC., Appellant. [839 NYS2d 553]—

Peters, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered July 21, 2006 in Albany County, which, inter alia, awarded plaintiffs counsel fees, and (2) from the judgment entered thereon.

Plaintiffs, Andrew P. Marincovich and Erik J. Tallstrom, were officers and directors of defendant from 1979 and 1984, respectively, through April 14, 2000. In 1999, General Financial Services, Inc. (hereinafter GFS) purchased three million shares of defendant's common stock which enabled it to take control of defendant. Due to a dispute regarding GFS's acquisition of these shares, litigation ensued. To maintain the status quo until an annual meeting of defendant's shareholders could be held for the purpose of electing directors, the United States District Court for the District of Nevada issued a preliminary injunction, dated January 5, 2000, prohibiting defendant from wasting corporate assets. It did, however, allow defendant to continue to exercise its "reasonable business judgment in conducting the ordinary course of its business."

On February 3, 2000, defendant amended its corporate bylaws to authorize an expansion of its indemnification rights by contractual agreement. On February 11, 2000, plaintiffs, as then-directors of defendant, each individually signed a separate "Agreement to Indemnify" (hereinafter the indemnity agreements), obligating defendant to indemnify them for expenses beyond those provided by both the corporate bylaws or Business Corporation Law §§ 722 and 723. After discovering that defendant had amended its bylaws and believing that such action violated the preliminary injunction, GFS filed an emergency motion with the District Court of Nevada on March 23, 2000, seeking an order that the amended bylaws would remain ineffectual until the annual meeting on April 14, 2000, at which

time they would be subject to further amendment.[1] On March 30, 2000, the District Court granted the relief sought by GFS and concluded that defendant's amendment of the bylaws impermissibly broke the status quo because its decision was to "entrench a majority of the incumbent [directors], and would arguably indemnify each officer and director of [defendant] to an extent not otherwise permitted by applicable law." On April 14, 2000, at the annual meeting of defendant's board of directors, GFS voted its three million shares, took control of defendant, removed plaintiffs as directors, and resolved to rescind and void both the amended bylaws and the indemnity agreements.

In October 2001, GFS commenced, on behalf of defendant, a derivative action against plaintiffs in a California federal district court, alleging causes of action for fraud and breach of fiduciary duty, which was ultimately dismissed on jurisdictional grounds. In September 2003, GFS filed another derivative action against plaintiffs in Supreme Court, Clinton County, again alleging causes of action for breach of fiduciary duty and waste of corporate assets, which was also dismissed on jurisdictional grounds. In July 2005, plaintiffs commenced this action, seeking indemnification of their legal costs and expenses from defending the above two actions. They further sought a recovery of the legal expenses they incurred in connection with the instant action. Defendant counterclaimed, alleging that plaintiffs breached their fiduciary duties.

Plaintiffs moved for summary judgment on the issue of indemnification and sought a dismissal of the counterclaims. Addressing the issue of indemnification, plaintiffs claimed an entitlement under defendant's certificate of incorporation, the indemnity agreements and Business Corporation Law § 723 (a). In April 2006, Supreme Court granted plaintiffs' motion in its entirety and directed that they submit proof to substantiate the costs and expenses they incurred. Although defendant thereafter filed a motion seeking clarification as to which of the aforementioned grounds formed the basis for the court's order, Supreme Court denied the motion. Supreme Court awarded plaintiffs $222,329.32, prompting this appeal.

Defendant does not challenge the award of indemnification predicated under either the certificate of incorporation or Business Corporation Law §§ 722 and 723, but questions whether the indemnity agreements were valid and enforceable, entitling

---

1. On March 27, 2000, defendant filed a required annual document with the Securities and Exchange Commission which publicly disclosed, for the first time, both the amended bylaws and the indemnity agreements.

plaintiffs to expanded indemnification rights as set forth therein (*see* Business Corporation Law § 721).

Under the Business Corporation Law, officers and directors, including former officers and directors, are entitled to indemnification for litigation expenses "including attorneys' fees, actually and necessarily incurred by [them] in connection with the defense or settlement of [a derivative] action" (Business Corporation Law § 722 [c]; *see Baker v Health Mgt. Sys.*, 98 NY2d 80, 84 n 1 [2002]). However, a corporation may grant expanded indemnification rights by contract if it is authorized to do so in its certificate of incorporation or bylaws (*see* Business Corporation Law § 721; *see also Happy Kids, Inc. v Glasgow*, 2002 WL 72937, *1, 2002 US Dist LEXIS 785, *3-4 [SD NY 2002]).

Here, plaintiffs were successful in recovering "fees on fees" as provided for by the indemnity agreements. Fees on fees have been defined as "fees incurred by a corporate officer in obtaining indemnification" (*Baker v Health Mgt. Sys., supra* at 84).[2] Although plaintiffs contend that the amended bylaws did not grant them any additional recovery that was not already available under their 1984 restated certificate of incorporation, we agree with the conclusion reached by the District Court of Nevada that the amended bylaws materially altered the status quo by specifically expanding plaintiffs' indemnification rights. Notably, at the time that defendant's restated articles of incorporation were adopted, it was the general rule that parties were responsible for their own counsel fees "unless an award [was] authorized by agreement between the parties, statute or court rule" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). If there was an intention to waive that rule, it had to be specifically addressed in a contract between them (*see In re Health Mgt. Sys., Inc. Sec. Litig.*, 82 F Supp 2d 227, 236 [SD NY 2000], *affd* 298 F3d 146 [2d Cir 2002]). At that time, it was presumed that the Business Corporation Law permitted "recovery of reasonable enforcement fees where enforcement action [became] necessary" (*Baker v Health Mgt. Sys., supra* at 90 [Kaye, Ch. J., dissenting]; *see Professional Ins. Co. of N.Y. v Barry*, 60 Misc 2d 424 [1969], *affd* 32 AD2d 898 [1969]). Yet, no language in such statutory authorization specifically provided for fees on fees recovery (*see In re Health Mgt. Sys., Inc. Sec. Litig., supra* at 231 n 8). Finding that the amended bylaws sought to ensure that there was no issue as to an expansion of plaintiffs' indemnification rights to recover "fees on fees," as

---

**2.** In executing the indemnity agreements on February 11, 2000, plaintiffs relied upon the amended bylaws for authority.

well as other costs, as a result of the protracted litigation with GFS, we agree that these amended bylaws materially altered the status quo in contravention of the preliminary injunction, relegating the later indemnity agreements, which provide the basis for "fee on fee" recovery, without legal effect. For this reason, plaintiffs may only exercise indemnification rights permitted by their restated certificate of incorporation or Business Corporation Law §§ 722-724. As these expenses are limited to those "actually and necessarily incurred by [plaintiffs] in connection with the defense or settlement of such action[s]" (Business Corporation Law § 722 [c]), this issue must be remitted to Supreme Court.

Next, addressing the dismissal of defendant's counterclaims alleging a breach of fiduciary duty, there is no dispute that these claims were time-barred by the applicable statute of limitations (*see* CPLR 213 [7]). Defendant's contention that plaintiffs should be equitably estopped from relying on this defense lacks merit. The doctrine of equitable estoppel is an extraordinary remedy (*see Ross v Louise Wise Servs., Inc.*, 28 AD3d 272, 282 [2006], *affd* 8 NY3d 478 [2007]). It has been appropriately applied "where [a party] is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the [other]" (*Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]; *see Zumpano v Quinn*, 6 NY3d 666, 673-674 [2006]; *Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). While concealment of the wrongdoing is typically insufficient to support an estoppel, it may form the basis for the invocation of such doctrine if there existed a fiduciary relationship obligating the disclosure of the underlying claim (*see Zumpano v Quinn, supra* at 675-676; *General Stencils v Chiappa*, 18 NY2d 125, 127-128 [1966]; *Doe v Holy See [State of Vatican City]*, 17 AD3d 793, 795 [2005], *lv denied* 6 NY3d 707 [2006]). To be successful, the party seeking to invoke the doctrine bears the burden of demonstrating that it was diligent in commencing the action "within a reasonable time after the facts giving rise to the estoppel have ceased to be operational" (*Simcuski v Saeli, supra* at 450; *see Doe v Holy See [State of Vatican City], supra* at 796).

Here, it is alleged that plaintiffs breached their fiduciary duties by committing numerous acts of waste and mismanagement against defendant between 1988 and 1999. Contrary to any claim of concealment, the record reflects that both GFS, and GFS on behalf of defendant, knew about these allegedly wrongful transactions since they were regularly disclosed in defendant's public filings with the Securities and Exchange

Commission. Prior to the assertion of these counterclaims in the instant action, GFS, on behalf of defendant, brought three earlier actions asserting the same claims. After plaintiffs commenced the instant action, defendant again asserted these claims. Finding a failure to demonstrate the essential elements for the invocation of this equitable relief, defendant's counterclaims were properly dismissed.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by vacating the award for counsel fees; matter remitted to the Supreme Court for a determination of only those fees permitted by statute or defendant's 1984 certificate of incorporation; and, as so modified, affirmed.