Garry, J.
(dissenting). We respectfully dissent. Initially, we agree with the majority that no fiduciary relationship was established arising from either the familial relationship of defendant Jeanne Picard Fish (hereinafter defendant) with plaintiffs — her brothers — or by her nomination as executrix of their mother’s will. Nonetheless, we would affirm, finding that plaintiffs have averred facts sufficient to support an alternate ground for potentially finding a fiduciary relationship, arising from the parties’ operation of a family business located upon the subject real property.
Upon this motion, Supreme Court was required to “accept *1335 the facts as alleged in the complaint as true, accord plaintiff[s] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Faison v Lewis, 25 NY3d 220, 224 [2015] [internal quotation marks, brackets and citation omitted]; see Zumpano v Quinn, 6 NY3d 666, 681 [2006]). “A fiduciary relationship arises between . . . persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation. Put differently, a fiduciary relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other” (Roni LLC v Arfa, 18 NY3d 846, 848 [2011] [internal quotation marks, brackets and citations omitted]). As acknowledged by the majority, the doctrine of equitable estoppel may apply in circumstances where a plaintiff is prevented from commencing suit within the limitations period as a result of a fiduciary’s concealment of facts giving rise to the claim (see Doe v Holy See [State of Vatican City], 17 AD3d 793, 795 [2005], lv denied 6 NY3d 707 [2006]; compare Rattner v York, 174 AD2d 718, 721 [1991]).
Here, viewing plaintiffs’ amended complaint and the limited evidence in the record, it appears that the parties were collectively engaged in operating a family business upon the property as a partnership, and that defendant was responsible for handling the financial aspects of that business.* It is well settled that partners in business “are bound by a fiduciary duty requiring ‘the punctilio of an honor the most sensitive’ ” (Graubard Mollen Dannett & Horowitz v Moskovitz, 86 NY2d 112, 118 [1995], quoting Meinhard v Salmon, 249 NY 458, 464 [1928]; see Morris v Crawford, 304 AD2d 1018, 1021 [2003]). The fiduciary duties owed between business partners are “inflexible” and “bar[ ] not only blatant self-dealing, but also requir[e] avoidance of situations in which a fiduciary’s personal interest possibly conflicts with the interest of those owed a fiduciary duty” (Birnbaum v Birnbaum, 73 NY2d 461, 466 [1989] [internal quotation marks and citation omitted]). Plaintiffs allege that in the course of managing the financial aspects of the business — and thus acting in a position of superior knowledge and responsibility relative to the business affairs — defendant actively concealed the fact that the real property upon which their business was located had been conveyed to her. The operations of the business upon the *1336 property carried on as they always had (compare Marincovich v Dunes Hotels & Casinos, Inc., 41 AD3d 1006, 1007-1011 [2007]), while defendant allegedly led plaintiffs to believe that the property was still a part of their mother’s estate. Plaintiffs continued to expect that their interests would be distributed at the time that the property was ultimately sold and the will probated. In 2010, upon observing a “for sale” sign upon a separate portion of the property, one of the plaintiffs questioned defendant about it and was allegedly advised, in substance, that the sale would benefit all three parties. The conveyance to defendant was not ultimately discovered until 2013 — a full 25 years following the conveyance — when, in the course of an argument with one of the plaintiffs, defendant revealed to him that he did not, in fact, own any part of the property. Having been thus alerted to investigate, plaintiffs then discovered the deed and commenced suit shortly thereafter.
The pertinent facts have been poorly developed, in part due to the early stage of this litigation. However, if ultimately proven, defendant’s position of responsibility within the family business may be sufficient to establish the existence of a fiduciary duty owed to plaintiffs, including the duty to inform them of any conveyance effecting their interests. Thus, viewing the allegations in the light most favorable to plaintiffs, we find no error in Supreme Court’s application of the doctrine of equitable estoppel, and would affirm (see Local No. 4, Intl. Assn. of Heat & Frost & Asbestos Workers v Buffalo Wholesale Supply Co., Inc., 49 AD3d 1276, 1278 [2008]; see also Niagara Mohawk Power Corp. v Freed, 288 AD2d 818, 820 [2001]).
Lynch, J., concurs.
Ordered that the order is modified, on the law, with costs to defendant Jeanne Picard Fish, by reversing so much thereof as denied said defendant’s motion to dismiss the amended complaint; motion granted in its entirety and amended complaint dismissed; and, as so modified, affirmed.

 The form of the family business remains unclear, but the will of the parties’ mother states that tbe business is “operated by my three children as a partnership.”