■ WALTER J. PILIPIAK et al., Appellants, v BRUCE R. KEYES et al., Respondents. [729 NYS2d 99] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about September 20, 2000, which to the extent appealed from as limited by the briefs, and upon reargument, adhered to the initial denial of plaintiffs' motion for preliminary injunction, unanimously reversed, on the law and the facts, without costs, the preliminary injunction granted and defendants enjoined from expending corporate funds in defense of the proceeding before the New York State Department of Insurance, and the matter remanded to Supreme Court for a determination of the amount of the bond that defendant Bruce Keyes must post. Appeal from order, same court and Justice, entered January 11, 2000, which denied plaintiffs' application for a preliminary injunction, unanimously dismissed as superceded by the appeal from the subsequent order, without costs.

We find that it was an improvident exercise of discretion by the IAS court to deny plaintiffs injunctive relief. Where a corporation has no statutory authority to act, it will be enjoined from acting unlawfully regardless of the balance of factors enumerated under the standard test for injunctive relief (*Donovan v Rothman*, 253 AD2d 627). Pursuant to Business Corporation Law § 721, captioned "Nonexclusivity of statutory provisions for indemnification of directors and officers," an officer or director may be entitled to indemnification, or the advancement of expenses including legal fees, if permitted by the Certificate of Incorporation or By-Laws, provided there has been no judgment which necessarily determines that the officer or director acted in bad faith or was deliberately dishonest. Prior to judgment, the payment of legal fees or indemnification of the officer or director may be made so long as there is a finding, either by the shareholders or by a quorum of a disinterested board of directors, that the officer or director acted in good faith and for corporate purposes (Business Corporation Law §§ 721, 722). The situation is different once there has been a judgment against the officer or director. While the statute makes no presumption that the judgment proves that the director or officer acted wrongfully toward the corporation, reimbursement would be precluded as a matter of law, if the judg-

ment or conviction necessarily includes a finding of deliberate dishonesty or bad faith (Business Corporation Law § 722). On the initial motion, denial of preliminary injunctive relief was appropriate inasmuch as defendant Bruce Keyes's actions arguably were of some benefit to the corporation, and to plaintiffs, who presumably benefitted financially from the increased profits which ultimately were determined to be illegal. However, by the time the motion for reargument and renewal had been decided, Mr. Keyes had been convicted of grand larceny and scheme to defraud in the first degree (Penal Law § 190.65). Thus, it was unlawful for the corporation to indemnify Mr. Keyes for the expenses he incurred in defending the criminal action inasmuch as the elements of intent under the applicable provisions of the Penal Law require a finding of deliberate dishonesty (see, Penal Law §§ 155.05, 190.65; *Biondi v Beekman Hill House Apt. Corp.*, 94 NY2d 659). Therefore, plaintiffs demonstrated a sufficient basis for obtaining an injunction (see, *Donovan, supra*). Further, plaintiffs were entitled to the injunction since they demonstrated a likelihood of success on the merits; irreparable harm inasmuch as the corporation was no longer active and its assets were finite and dwindling; and a balancing of the equities in their favor. In addition, the undertaking or promise to pay provided by Mr. Keyes is not sufficient to protect the corporation and its minority shareholders, in the event the action is determined in their favor. Accordingly, the matter is remanded for a determination of the amount of the bond defendant must post for the corporation to continue to represent him in this shareholder derivative action. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Lerner and Buckley, JJ.