Billings v Billings Props., Inc. (2025 NY Slip Op 01339)

Billings v Billings Props., Inc.

2025 NY Slip Op 01339

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-01552 
2023-09694
 (Index No. 619098/20)

[*1]Charles Billings, appellant,
v
Billings Properties, Inc., et al., respondents. (Appeal No. 1.)
Charles Billings, etc., appellant,
Patricia Billings, respondent. (Appeal No. 2)

Vishnick McGovern Milizio LLP, Lake Success, NY (Jordan M. Freundlich of counsel), for appellant.
Taroff & Taitz, LLP, Bohemia, NY (Steven Taitz of counsel), for respondent Patricia Billings.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and unjust enrichment, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (James Hudson, J.), dated December 21, 2022, and (2) an order of the same court dated July 10, 2023. The order dated December 21, 2022, insofar as appealed from, denied those branches of the plaintiff's motion which were to direct the defendant Patricia Billings to return to Billings Properties, Inc., all funds that Billings Properties, Inc., had expended on her legal fees in this action and to restrain the defendant Patricia Billings from using the funds of Billings Properties, Inc., to pay her legal fees in this action. The order dated July 10, 2023, insofar as appealed from, upon reargument, adhered to that prior determination in the order dated December 21, 2022.
ORDERED that the appeal from the order dated December 21, 2022, is dismissed, as the portion of the order appealed from was superseded by so much of the order dated July 10, 2023, as was made upon reargument; and it is further,
ORDERED that the order dated July 10, 2023, is reversed insofar as appealed from, on the law, upon reargument, so much of the order dated December 21, 2022, as denied those branches of the plaintiff's motion which were to direct the defendant Patricia Billings to return to Billings Properties, Inc., all funds that Billings Properties, Inc., had expended on her legal fees in this action and to restrain the defendant Patricia Billings from using the funds of Billings Properties, Inc., to pay her legal fees in this action is vacated, and thereupon, those branches of the plaintiff's motion are granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendant Patricia Billings (hereinafter the defendant), among others, alleging, inter alia, breach of fiduciary duty and unjust [*2]enrichment. In September 2022, following discovery, the plaintiff moved, among other things, to direct the defendant, the president and a minority shareholder of Billings Properties, Inc. (hereinafter BPI), to return to BPI all funds that BPI had expended on her legal fees in this action and to restrain her from using BPI's funds to pay her legal fees in this action. By order dated December 21, 2022, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. In January 2023, the plaintiff moved for leave to reargue those branches of his motion. The court granted leave to reargue and, upon reargument, adhered to its prior determination denying those branches of the plaintiff's motion. The plaintiff appeals.
Pursuant to Business Corporation Law § 723(c), "[e]xpenses incurred in defending a civil or criminal action or proceeding may be paid by the corporation in advance of the final disposition of such action or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount as, and to the extent, required by" Business Corporation Law § 725(a). "Where a corporation has no statutory authority to act, it will be enjoined from acting unlawfully regardless of the balance of factors enumerated under the standard test for injunctive relief" (Pilipiak v Keyes , 286 AD2d 231, 231). Here, it is undisputed that the defendant failed to secure an undertaking prior to having BPI pay expenses incurred in advance of the final disposition. Accordingly, upon reargument, the court erred in adhering to its original determination denying those branches of the plaintiff's motion which were to direct the defendant to return to BPI all funds that BPI had expended on her legal fees in this action and to restrain her from using BPI's funds to pay her legal fees in this action.
In light of our determination, we need not reach the plaintiff's remaining contentions.
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court